| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael M. Wintringer, Esq.<br><br>Solomon, Grindle, Silverman & Wintringer, APC<br><br>12651 High Bluff Drive, Suite 250<br><br>San Diego, CA  92130<br><br>Tel:  (858) 793-8500<br><br>Fax: (858) 793-8263<br><br>mike@sgswlaw.com<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

| In re:  WILFRED JESUS DIAZ and SAMANTHA LYNN SILVA DIAZ, Debtors; JASON M. RUND, Chapter 7 Trustee, | CASE NO.: 2:15-bk-10687-RK<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| Debtor(s). | DATE: MARCH 10, 2015<br>TIME: 10:30 A.M.<br>COURTROOM: 1675 |

**Movant:** PACIFIC WESTERN BANK as successor-by-merger to FIRST CALIFORNIA BANK, its successors and/or assigns.

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012          ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. [ X ] This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. [ ] This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____ ; and, you may appear at the hearing.

   a. [ ] An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. [ ] An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. [ ] An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: _2/12/15_

Solomon, Grindle, Silverman & Wintringer, APC
Printed name of law firm (if applicable)

Michael M. Wintringer
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2014_                    Page 2                    **F 4001-1.RFS.RP.MOTION**

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*: 3364 LIVE OAK STREET
   *Unit/suite number*:
   *City, state, zip code*: HUNTINGTON PARK, CALIFORNIA  90255

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit "E"   ):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter  ☒ 7 ☐ 11 ☐ 12 ☐ 13
   was filed on (*date*) 1/16/2015   .

   b. ☐  An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (*date*) _____.

   c. ☐  A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒  Movant's interest in the Property is not adequately protected.

   　(A) ☒  Movant's interest in the Property is not protected by an adequate equity cushion.

   　(B) ☐  The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

   　(C) ☐  Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☐  The bankruptcy case was filed in bad faith.

   　(A) ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   　(B) ☐  The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

   　(C) ☐  A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

   　(D) ☐  Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   　(E) ☐  The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   　(F) ☐  Other (*see attached continuation page*).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                         Page 3                         F 4001-1.RFS.RP.MOTION

(3) ☐ *(Chapter 12 or 13 cases only)*

   (A) ☐ All payments on account of the Property are being made through the plan.
☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

   (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____, which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

   (2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify)*:

6. **Evidence in Support of Motion:** *(Declaration(s) MUST be signed under penalty of perjury and attached to this motion)*

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☒ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit "G" .

d. ☐ Other:

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 4                              **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under: [X] 11 U.S.C. § 362(d)(1) [X] 11 U.S.C. § 362(d)(2) [ ] 11 U.S.C. § 362(d)(3).

2. [X] Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. [ ] Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

3. [ ] Confirmation that there is no stay in effect.

4. [ ] The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. [X] The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. [X] The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. [ ] A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion: [ ] without further notice, or [ ] upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. [ ] Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

9. [ ] The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion: [ ] without further notice, or [ ] upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. [ ] The order is binding and effective in any future bankruptcy case, no matter who the debtor may be: [ ] without further notice, or [ ] upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. [ ] Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

12. [ ] If relief from stay is not granted, adequate protection shall be ordered.

13. [ ] See attached continuation page for other relief requested.

Date: 2/12/15

Solomon, Grindle, Silverman & Wintringer, APC
Printed name of law firm (*if applicable*)

Michael M. Wintringer, Esq.
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 5                          F 4001-1.RFS.RP.MOTION

# REAL PROPERTY DECLARATION

I, (print name of Declarant)  Humberto Espada                                                    , declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (specify):

    a. ☐  I am the Movant.

    b. ☒  I am employed by Movant as (state title and capacity):  a Senior Vice President and Managing Director for Movant.

    c. ☐  Other (specify):

2.  a. ☐  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

    b. ☐  Other (see attached):

3.  The Movant is:

    a. ☐  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

    b. ☒  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exhibits "E & "F".

    c. ☐  Servicing agent authorized to act on behalf of the:
        ☐  Holder.
        ☐  Beneficiary.

    d. ☐  Other (specify):

4.  a.  The address of the Property is:

        Street address: 3364 LIVE OAK STREET
        Unit/suite no.:
        City, state, zip code: HUNTINGTON PARK, CALIFORNIA  90255

    b.  The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

        3rd Deed of Trust recorded in Los Angeles County on April 25, 2008 under document number 20080729574.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. Type of property (*check all applicable boxes*):

   a. ☐ Debtor's principal residence     b. ☐ Other residence

   c. ☐ Multi-unit residential     d. ☐ Commercial

   e. ☐ Industrial     f. ☐ Vacant land

   g. ☒ Other (*specify*): Rental Property

6. Nature of the Debtor's interest in the Property:

   a. ☐ Sole owner

   b. ☒ Co-owner(s) (*specify*): Lazara Idalis Diaz-Juarez

   c. ☐ Lienholder (*specify*):

   d. ☐ Other (*specify*):

   e. ☒ The Debtor ☒ did ☐ did not  list the Property in the Debtor's schedules.

   f. ☒ The Debtor acquired the interest in the Property by ☒ grant deed ☐ quitclaim deed ☐ trust deed.

       The deed was recorded on (*date*) Unknown  .

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (*specify*) _____ that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit "E"  .

   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibits "A", "B", "C" and "D".

   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit "F" . Agreement of Merger.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $ 276,130.41 |
| b. | Accrued interest: | $ | $ | $ 16,181.99 |
| c. | Late charges | $ | $ | $ 4,943.08 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ 5,380.70 |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[ ] | $[ ] | $[ ] |
| g. | TOTAL CLAIM as of (*date*): 1/16/2015 | $ | $ | $ 302,636.18 |

   h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

   a. Notice of default recorded on (*date*) _____ or ☒ none recorded

   b. Notice of sale recorded on (*date*) _____ or ☒ none recorded

   c. Foreclosure sale originally scheduled for (*date*) _____ or ☒ none scheduled.

   d. Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled.

   e. Foreclosure sale already held on (*date*) _____ or ☒ none held.

   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*            Page 7            **F 4001-1.RFS.RP.MOTION**

10. Attached (*optional*) as Exhibit N/A is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. [x] (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $ 2,700.00 for the month of February 1 20 15.

    b. Number of payments that have come due and were not made: 11 . Total amount: $ 25,500.00

    c. Future payments due by time of anticipated hearing date (*if applicable*):

    An additional payment of $ 2,700.00 will come due on (*date*) 3/1/2015 , and on the 1st day of each month thereafter. If the payment is not received within 10th days of said due date, a late charge of $ 135.00 5% will be charged to the loan.

    d. The fair market value of the Property is $ 350,000.00 , established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) [x] A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit "G" .

        (4) ☐ Other (specify):

    **e. Calculation of equity/equity cushion in Property:**

    Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Specialized Loan Services | $ 260,142.00 | $ |
| 2nd deed of trust: | Wells Fargo Bank, N.A. | $ 100,577.68 | $ |
| 3rd deed of trust: | Movant | $ | $ 302,636.18 |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** $ | 663,355.86 | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit "G" and consists of:

        (1) ☐ Preliminary title report.

        (2) [x] Relevant portions of the Debtor's schedules.

        (3) [x] Other (*specify*): Exhibit "E" - Movant's Deed of Trust.

    g. [x] **11 U.S.C. § 362(d)(1) - Equity Cushion:**
        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ <$-313,355.86> and is _____ % of the fair market value of the Property.

    h. [x] **11 U.S.C. § 362(d)(2)(A) - Equity:**
        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ Zero .

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 8                              **F 4001-1.RFS.RP.MOTION**

i. [X] Estimated costs of sale: $ 28,000.00 _____ (estimate based upon 8.00 % of estimated gross sales price)

j. [ ] The fair market value of the Property is declining because:

12. [ ] (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date: _____.
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:     $
(*For details of type and amount, see Exhibit _____* )

e. Attorneys' fees and costs:     $
(*For details of type and amount, see Exhibit _____* )

f. Less suspense account or partial paid balance:     $[                    ]

   TOTAL POSTPETITION DELINQUENCY:     $

g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $ _____ will come due on _____ , and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $ _____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$ _____     received on (*date*) _____
$ _____     received on (*date*) _____
$ _____     received on (*date*) _____

i. [ ] The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____ .

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other (*specify*):


18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☐ Multiple bankruptcy cases affecting the Property include:

      1. Case name: _____
         Chapter: _____ Case number: _____
         Date filed: _____ Date discharged: _____ Date dismissed: _____
         Relief from stay regarding the Property ☐ was ☐ was not granted.

      2. Case name: _____
         Chapter: _____ Case number: _____
         Date filed: _____ Date discharged: _____ Date dismissed: _____
         Relief from stay regarding the Property ☐ was ☐ was not granted.

      3. Case name: _____
         Chapter: _____ Case number: _____
         Date filed: _____ Date discharged: _____ Date dismissed: _____
         Relief from stay regarding the Property ☐ was ☐ was not granted.

   ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                           Page 10                                    **F 4001-1.RFS.RP.MOTION**

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_2-12-15_
Date

Humberto Espada
Printed name

Signature

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                           Page 11                           F 4001-1.RFS.RP.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
12651 High Bluff Drive, Suite 250, San Diego, California, 92130.

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) February 12, 2015 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

## SEE ATTACHED SERVICE LIST

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 12, 2015 | Meg Minnick | *Olga Minnick* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 12                                    F 4001-1.RFS.RP.MOTION

## SERVICE INFORMATION

### Via U.S. 1st Class Mail

**DEBTORS**:
Wilfred Diaz
4443 Levelside Avenue
Lakeside, CA  90712

Samantha Lynn Silva Diaz
4443 Levelside Avenue
Lakeside, CA  90712

**NON-FILING CO-DEBTOR**:
Lazara Idalis Diaz
3364 Live Oak Street
Huntington Park, CA  90255

**DEBTORS' ATTORNEY**:
Giovanni Orantes, Esq.
Orantes Law Firm PC
3435 Wilshire Blvd., Suite 2920
Los Angeles, CA  90010

**CHAPTER 7 TRUSTEE**:
Jason M. Rund (TR)
Sheridan & Rund
840 Apollo Street, Suite 351
El Segundo, CA  90245

**U.S. TRUSTEE**:
United States Trustee (LA)
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017

**SENIOR LIENHOLDERS**:
Specialized Loan Services
Attn: Bankruptcy
8742 Lucent Blvd., Suite 300
Highlands Ranch, CO 80129

Specialized Loan Services
2900 S. Diablo Way, Building D, Suite 200
Tempe, AZ 85282

Wells Fargo Bank, N.A.
c/o Agent for Service of Process:
CSC - LAWYERS INCORPORATING
SERVICE
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Wells Fargo Bank, N.A.
Mac X2505-036
P.O. Box 10438
Des Moines, IA  50306

**TAX COLLECTOR**:
Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA  90054

**JUDGE'S COPY**:
Honorable Judge Robert N. Kwan
U.S. Bankruptcy Court,
Central District of California
255 E. Temple Street
Los Angeles, CA  90012-3300
(Chambers Copy)

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

# EXHIBIT "A"



# U S Small Business Administration

# NOTE

# 19746

| | |
|---|---|
| SBA Loan # | ███████-6000 |
| SBA Loan Name | It's a Grind Coffee House |
| Date | April 17  2008 |
| Loan Amount | 310,000 00 |
| Interest Rate | Wall Street Journal Prime + 2 50% |
| Borrower | Itabo Partnership |
| Operating Company | N/A |
| Lender | First California Bank |

## 1   PROMISE TO PAY

In return for the Loan, Borrower promises to pay to the order of Lender the amount of

Three Hundred Ten Thousand and no/100**************************************************** _____ Dollars,

interest on the unpaid principal balance, and all other amounts required by this Note

## 2   DEFINITIONS

"Collateral" means any property taken as security for payment of this Note or any guarantee of this Note

"Guarantor" means each person or entity that signs a guarantee of payment of this Note

"Loan" means the loan evidenced by this Note

"Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who

pledges collateral

"SBA" means the Small Business Administration, an Agency of the United States of America

3  PAYMENT TERMS

Borrower must make all payments at the place Lender designates  The payment terms for this Note are

1 ☐Maturity  This Note will mature in 10 years and 6 months from date of initial disbursement

2 ☐The interest rate on this Note will fluctuate  The initial interest rate is 10 25% per year  This initial rate is the prime rate on the date SBA received the loan application, plus 2 50%  The initial interest rate must remain in effect until the first change period begins

Borrower must pay one payment of interest only on the disbursed principal balance one month from the month of initial disbursement on this Note, payment must be made on the first calendar day in the month it is due

Borrower must pay principal and interest payments of $4,139 71 every month, beginning one month from the month of initial disbursement on this Note, payments must be made on the first calendar day in the months they are due

Lender will apply each installment payment first to pay interest accrued to the day Lender receives the payment, then to bring principal current, then to pay any late fees, and will apply any remaining balance to reduce principal

The interest rate will be adjusted every calendar quarter (the "change period")

The "Prime Rate" is the prime rate in effect on the first business day of the month in which an interest rate change occurs, as published in the Wall Street Journal on the next business day

The adjusted interest rate will be 2 50% above the Prime Rate  Lender will adjust the interest rate on the first calendar day of each change period  The change in interest rate is effective on that day whether or not Lender gives Borrower notice of the change

Lender must adjust the payment amount at least annually as needed to amortize principal over the remaining term of the note

If SBA purchases the guaranteed portion of the unpaid principal balance, the interest rate becomes fixed at the rate in effect at the time of the earliest uncured payment default  If there is no uncured payment default, the rate becomes fixed at the rate in effect at the time of purchase

Loan Prepayment

Notwithstanding any provision in this Note to the contrary

Borrower may prepay this Note  Borrower may prepay 20% or less of the unpaid principal balance at any time without notice  If Borrower prepays more than 20% and the Loan has been sold on the secondary market, Borrower must

a ☐Give Lender written notice,

b ☐Pay all accrued interest, and

c ☐If the prepayment is received less than 21 days from the date Lender receives the notice, pay an amount equal to 21 days' interest from the date lender receives the notice, less any interest accrued during the 21 days and paid under subparagraph b , above

If Borrower does not prepay within 30 days from the date Lender receives the notice, Borrower must give Lender a new notice

All remaining principal and accrued interest is due and payable 10 years and 6 months from date of initial disbursement

Late Charge  If a payment on this Note is more than 10 days late, Lender may charge Borrower a late fee of up to 5 00% of the unpaid portion of the regularly scheduled payment

4   DEFAULT

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company

A   Fails to do anything required by this Note and other Loan Documents,

B   Defaults on any other loan with Lender,

C   Does not preserve, or account to Lender's satisfaction for, any of the Collateral or its proceeds,

D   Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA,

E   Makes, or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA,

F   Defaults on any loan or agreement with another creditor, if Lender believes the default may materially affect Borrower's ability to pay this Note,

G   Fails to pay any taxes when due,

H   Becomes the subject of a proceeding under any bankruptcy or insolvency law,

I   Has a receiver or liquidator appointed for any part of their business or property,

J   Makes an assignment for the benefit of creditors,

K   Has any adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this Note,

L   Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without Lender's prior written consent, or

M   Becomes the subject of a civil or criminal action that Lender believes may materially affect Borrower's ability to pay this Note

5   LENDER'S RIGHTS IF THERE IS A DEFAULT

Without notice or demand and without giving up any of its rights, Lender may

A   Require immediate payment of all amounts owing under this Note,

B   Collect all amounts owing from any Borrower or Guarantor,

C   File suit and obtain judgment,

D   Take possession of any Collateral, or

E   Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement

6   LENDER'S GENERAL POWERS

Without notice and without Borrower's consent, Lender may

A   Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses,

B   Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral  Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs  If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance,

C   Release anyone obligated to pay this Note,

D   Compromise, release, renew, extend or substitute any of the Collateral, and

E   Take any action necessary to protect the Collateral or collect amounts owing on this Note

7   WHEN FEDERAL LAW APPLIES

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations
Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing
liens, and other purposes  By using such procedures, SBA does not waive any federal immunity from state or local
control, penalty, tax, or liability  As to this Note, Borrower may not claim or assert against SBA any local or state law
to deny any obligation, defeat any claim of SBA, or preempt federal law

8   SUCCESSORS AND ASSIGNS

Under this Note, Borrower and Operating Company include the successors of each, and Lender includes its successors
and assigns

9   GENERAL PROVISIONS

A   All individuals and entities signing this Note are jointly and severally liable

B   Borrower waives all suretyship defenses

C   Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable
Lender to acquire, perfect, or maintain Lender's liens on Collateral

D   Lender may exercise any of its rights separately or together, as many times and in any order it chooses  Lender
may delay or forgo enforcing any of its rights without giving up any of them

E   Borrower may not use an oral statement of Lender or SBA to contradict or alter the written terms of this Note

F   If any part of this Note is unenforceable, all other parts remain in effect

G   To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including
presentment, demand, protest, and notice of dishonor  Borrower also waives any defenses based upon any claim
that Lender did not obtain any guarantee, did not obtain, perfect, or maintain a lien upon Collateral, impaired
Collateral, or did not obtain the fair market value of Collateral at a sale

10  STATE-SPECIFIC PROVISIONS

"Borrower acknowledges this Note is secured by a Deed of Trust in favor of Lender on real property located in Los Angeles County, State of California  That Deed of Trust contains the following due-on-sale provision

DUE ON SALE - CONSENT BY LENDER  Lender may at Lender's option  declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer  without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property  A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property, whether legal, beneficial or equitable, whether voluntary or involuntary, whether by outright sale, deed, installement sale contract, land contract, contract for deed, leasehold interest with a term greater that three (3) years, lease-option contract, or by sale, assignment  or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of converyance of an interest in the Real Property  However  this option shall not be excercised by Lender if such exercise is prohibited by applicable law

11  BORROWER'S NAME(S) AND SIGNATURE(S)

By signing below, each individual or entity becomes obligated under this Note as Borrower

Itabo Partnership

_____

Lazara Diaz, General Partner                                    4/22/08

Wilfred Diaz  General Partner                                   4/22/08

# EXHIBIT "B"

# BUSINESS LOAN AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Call | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $310,000.00 | 04-17-2008 | 11-01-2018 | ●●46 | 51 / 44 | | RO | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item
Any item above containing "***" has been omitted due to text length limitations

**Borrower**  Itabo Partnership
247 Pine Avenue
Long Beach, CA  90802

**Lender**  First California Bank
Irvine Office
Small Business Administration Division
19752 Mac Arthur Boulevard
Irvine  CA  92612

THIS BUSINESS LOAN AGREEMENT dated April 17, 2008, is made and executed between Itabo Partnership ("Borrower") and First California Bank ( "Lender") on the following terms and conditions  Borrower has received prior commercial loans from Lender or has applied to Lender for a commercial loan or loans or other financial accommodations, including those which may be described on any exhibit or schedule attached to this Agreement  Borrower understands and agrees that  (A) in granting, renewing  or extending any Loan, Lender is relying upon Borrower's representations, warranties, and agreements as set forth in this Agreement, (B) the granting, renewing, or extending of any Loan by Lender at all times shall be subject to Lender's sole judgment and discretion, and (C)  all such Loans shall be and remain subject to the terms and conditions of this Agreement

**TERM**  This Agreement shall be effective as of April 17, 2008, and shall continue in full force and effect until such time as all of Borrower's Loans in favor of Lender have been paid in full, including principal, interest, costs, expenses attorneys' fees, and other fees and charges, or until such time as the parties may agree in writing to terminate this Agreement

**CONDITIONS PRECEDENT TO EACH ADVANCE**  Lender's obligation to make the initial Advance and each subsequent Advance under this Agreement shall be subject to the fulfillment to Lender's satisfaction of all of the conditions set forth in this Agreement and in the Related Documents

**Loan Documents**  Borrower shall provide to Lender the following documents for the Loan  (1)  the Note, (2)  Security Agreements granting to Lender security interests in the Collateral, (3)  financing statements and all other documents perfecting Lender's Security Interests, (4)  evidence of insurance as required below, (5)  guaranties  (6)  together with all such Related Documents as Lender may require for the Loan, all in form and substance satisfactory to Lender and Lender's counsel

**Borrower's Authorization**  Borrower shall have provided in form and substance satisfactory to Lender properly certified resolutions, duly authorizing the execution and delivery of this Agreement, the Note and the Related Documents  In addition, Borrower shall have provided such other resolutions, authorizations, documents and instruments as Lender or its counsel, may require

**Payment of Fees and Expenses**  Borrower shall have paid to Lender all fees  charges, and other expenses which are then due and payable as specified in this Agreement or any Related Document

**Representations and Warranties**  The representations and warranties set forth in this Agreement, in the Related Documents, and in any document or certificate delivered to Lender under this Agreement are true and correct

**No Event of Default**  There shall not exist at the time of any Advance a condition which would constitute an Event of Default under this Agreement or under any Related Document

**REPRESENTATIONS AND WARRANTIES**  Borrower represents and warrants to Lender, as of the date of this Agreement, as of the date of each disbursement of loan proceeds, as of the date of any renewal, extension or modification of any Loan, and at all times any Indebtedness exists

**Organization**  Borrower is a partnership which is, and at all times shall be, duly organized, validly existing, and in good standing under and by virtue of the laws of the State of California  Borrower is duly authorized to transact business in all other states in which Borrower is doing business, having obtained all necessary filings, governmental licenses and approvals for each state in which Borrower is doing business  Specifically Borrower is, and at all times shall be, duly qualified as a foreign partnership in all states in which the failure to so qualify would have a material adverse effect on its business or financial condition  Borrower has the full power and authority to own its properties and to transact the business in which it is presently engaged or presently proposes to engage  Borrower maintains an office at 247 Pine Avenue, Long Beach, CA  90802  Unless Borrower has designated otherwise in writing, the principal office is the office at which Borrower keeps its books and records including its records concerning the Collateral  Borrower will notify Lender prior to any change in the location of Borrower's principal office address or any change in Borrower's name  Borrower shall do all things necessary to preserve and to keep in full force and effect its existence, rights and privileges, and shall comply with all regulations, rules, ordinances, statutes, orders and decrees of any governmental or quasi-governmental authority or court applicable to Borrower and Borrower's business activities

**Assumed Business Names**  Borrower has filed or recorded all documents or filings required by law relating to all assumed business names used by Borrower  Excluding the name of Borrower, the following is a complete list of all assumed business names under which Borrower does business

| Borrower | Assumed Business Name | Filing Location | Date |
|---|---|---|---|
| Itabo Partnership | It's A Grind Coffee House | Los Angeles County | 02-25-2008 |

**Authorization**  Borrower's execution, delivery, and performance of this Agreement and all the Related Documents have been duly authorized by all necessary action by Borrower and do not conflict with  result in a violation of, or constitute a default under  (1)  any provision of  (a)  Borrower's articles or agreements of partnership, or  (b)  any agreement or other instrument binding upon Borrower or  (2) any law, governmental regulation, court decree, or order applicable to Borrower or to Borrower's properties

**Financial Information**  Each of Borrower's financial statements supplied to Lender truly and completely disclosed Borrower's financial condition as of the date of the statement, and there has been no material adverse change in Borrower's financial condition subsequent to the date of the most recent financial statement supplied to Lender  Borrower has no material contingent obligations except as disclosed in such financial statements

**Legal Effect**  This Agreement constitutes, and any instrument or agreement Borrower is required to give under this Agreement when delivered will constitute legal, valid, and binding obligations of Borrower enforceable against Borrower in accordance with their respective terms

**Properties**  Except as contemplated by this Agreement or as previously disclosed in Borrower's financial statements or in writing to Lender and as accepted by Lender, and except for property tax liens for taxes not presently due and payable, Borrower owns and has good title to all of Borrower's properties free and clear of all Security Interests, and has not executed any security documents or financing statements

-9-

Loan No ▉46

# BUSINESS LOAN AGREEMENT
## (Continued)

Page 2

relating to such properties  All of Borrower's properties are titled in Borrower's legal name, and Borrower has not used or filed a financing statement under any other name for at least the last five (5) years

**Hazardous Substances**  Except as disclosed to and acknowledged by Lender in writing, Borrower represents and warrants that  (1) During the period of Borrower's ownership of the Collateral  there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from any of the Collateral  (2)  Borrower has no knowledge of, or reason to believe that there has been  (a)  any breach or violation of any Environmental Laws,  (b)  any use, generation, manufacture, storage, treatment  disposal, release or threatened release of any Hazardous Substance on, under, about or from the Collateral by any prior owners or occupants of any of the Collateral, or  (c)  any actual or threatened litigation or claims of any kind by any person relating to such matters  (3)  Neither Borrower nor any tenant, contractor  agent or other authorized user of any of the Collateral shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from any of the Collateral, and any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations, and ordinances, including without limitation all Environmental Laws  Borrower authorizes Lender and its agents to enter upon the Collateral to make such inspections and tests as Lender may deem appropriate to determine compliance of the Collateral with this section of the Agreement  Any inspections or tests made by Lender shall be at Borrower's expense and for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Borrower or to any other person  The representations and warranties contained herein are based on Borrower's due diligence in investigating the Collateral for hazardous waste and Hazardous Substances  Borrower hereby  (1)  releases and waives any future claims against Lender for indemnity or contribution in the event Borrower becomes liable for cleanup or other costs under any such laws, and  (2)  agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Agreement or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release of a hazardous waste or substance on the Collateral  The provisions of this section of the Agreement, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the termination, expiration or satisfaction of this Agreement and shall not be affected by Lender's acquisition of any interest in any of the Collateral, whether by foreclosure or otherwise

**Litigation and Claims**  No litigation, claim, investigation, administrative proceeding or similar action (including those for unpaid taxes) against Borrower is pending or threatened, and no other event has occurred which may materially adversely affect Borrower's financial condition or properties, other than litigation, claims, or other events, if any, that have been disclosed to and acknowledged by Lender in writing

**Taxes**  To the best of Borrower's knowledge, all of Borrower's tax returns and reports that are or were required to be filed, have been filed, and all taxes, assessments and other governmental charges have been paid in full, except those presently being or to be contested by Borrower in good faith in the ordinary course of business and for which adequate reserves have been provided

**Lien Priority**  Unless otherwise previously disclosed to Lender in writing, Borrower has not entered into or granted any Security Agreements, or permitted the filing or attachment of any Security Interests on or affecting any of the Collateral directly or indirectly securing repayment of Borrower's Loan and Note, that would be prior or that may in any way be superior to Lender's Security Interests and rights in and to such Collateral

**Binding Effect**  This Agreement, the Note, all Security Agreements (if any), and all Related Documents are binding upon the signers thereof, as well as upon their successors, representatives and assigns, and are legally enforceable in accordance with their respective terms

## AFFIRMATIVE COVENANTS  Borrower covenants and agrees with Lender that, so long as this Agreement remains in effect, Borrower will

**Notices of Claims and Litigation**  Promptly inform Lender in writing of  (1)  all material adverse changes in Borrower's financial condition, and  (2)  all existing and all threatened litigation, claims, investigations, administrative proceedings or similar actions affecting Borrower or any Guarantor which could materially affect the financial condition of Borrower or the financial condition of any Guarantor

**Financial Records**  Maintain its books and records in accordance with GAAP, applied on a consistent basis, and permit Lender to examine and audit Borrower's books and records at all reasonable times

**Financial Statements**  Furnish Lender with such financial statements and other related information at such frequencies and in such detail as Lender may reasonably request

**Additional Information**  Furnish such additional information and statements, as Lender may request from time to time

**Insurance**  Maintain fire and other risk insurance, public liability insurance, and such other insurance as Lender may require with respect to Borrower's properties and operations, in form, amounts, coverages and with insurance companies acceptable to Lender  Borrower, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Lender  Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Borrower or any other person  In connection with all policies covering assets in which Lender holds or is offered a security interest for the Loans, Borrower will provide Lender with such lender's loss payable or other endorsements as Lender may require

**Insurance Reports**  Furnish to Lender, upon request of Lender, reports on each existing insurance policy showing such information as Lender may reasonably request, including without limitation the following  (1)  the name of the insurer,  (2)  the risks insured,  (3)  the amount of the policy,  (4)  the properties insured,  (5)  the then current property values on the basis of which insurance has been obtained, and the manner of determining those values, and  (6)  the expiration date of the policy  In addition, upon request of Lender (however not more often than annually), Borrower will have an independent appraiser satisfactory to Lender determine, as applicable, the actual cash value or replacement cost of any Collateral  The cost of such appraisal shall be paid by Borrower

**Guaranties**  Prior to disbursement of any Loan proceeds, furnish executed guaranties of the Loans in favor of Lender, executed by the guarantors named below, on Lender's forms, and in the amounts and under the conditions set forth in those guaranties

| Names of Guarantors | Amounts |
| --- | --- |
| Lazaro Diaz | $310,000 00 |
| Wilfred Diaz | $310,000 00 |

**Other Agreements**  Comply with all terms and conditions of all other agreements, whether now or hereafter existing, between Borrower and any other party and notify Lender immediately in writing of any default in connection with any other such agreements

**Loan Proceeds**  Use all Loan proceeds solely for Borrower's business operations, unless specifically consented to the contrary by Lender in writing

-10-

Loan No ●●●46    **BUSINESS LOAN AGREEMENT**    Page 3
**(Continued)**

**Taxes, Charges and Liens**   Pay and discharge when due all of its indebtedness and obligations, including without limitation all assessments taxes governmental charges, levies and liens, of every kind and nature, imposed upon Borrower or its properties, income, or profits prior to the date on which penalties would attach, and all lawful claims that, if unpaid might become a lien or charge upon any of Borrower's properties, income, or profits  Provided however, Borrower will not be required to pay and discharge any such assessment, tax, charge, levy, lien or claim so long as  (1)  the legality of the same shall be contested in good faith by appropriate proceedings, and  (2)  Borrower shall have established on Borrower's books adequate reserves with respect to such contested assessment, tax, charge, levy, lien, or claim in accordance with GAAP

**Performance**   Perform and comply, in a timely manner, with all terms, conditions, and provisions set forth in this Agreement, in the Related Documents, and in all other instruments and agreements between Borrower and Lender   Borrower shall notify Lender immediately in writing of any default in connection with any agreement

**Operations**   Maintain executive and management personnel with substantially the same qualifications and experience as the present executive and management personnel, provide written notice to Lender of any change in executive and management personnel, conduct its business affairs in a reasonable and prudent manner

**Environmental Studies**   Promptly conduct and complete, at Borrower's expense, all such investigations, studies, samplings and testings as may be requested by Lender or any governmental authority relative to any substance, or any waste or by-product of any substance defined as toxic or a hazardous substance under applicable federal, state, or local law, rule, regulation, order or directive, at or affecting any property or any facility owned, leased or used by Borrower

**Compliance with Governmental Requirements**   Comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the conduct of Borrower's properties, businesses and operations, and to the use or occupancy of the Collateral, including without limitation, the Americans With Disabilities Act   Borrower may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals  so long as Borrower has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Collateral are not jeopardized   Lender may require Borrower to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest

**Inspection**   Permit employees or agents of Lender at any reasonable time to inspect any and all Collateral for the Loan or Loans and Borrower's other properties and to examine or audit Borrower's books, accounts, and records and to make copies and memoranda of Borrower's books, accounts, and records   If Borrower now or at any time hereafter maintains any records (including without limitation computer generated records and computer software programs for the generation of such records) in the possession of a third party, Borrower, upon request of Lender, shall notify such party to permit Lender free access to such records at all reasonable times and to provide Lender with copies of any records it may request, all at Borrower's expense

**Compliance Certificates**   Unless waived in writing by Lender, provide Lender at least annually, with a certificate executed by Borrower's chief financial officer, or other officer or person acceptable to Lender, certifying that the representations and warranties set forth in this Agreement are true and correct as of the date of the certificate and further certifying that, as of the date of the certificate, no Event of Default exists under this Agreement

**Environmental Compliance and Reports**   Borrower shall comply in all respects with any and all Environmental Laws, not cause or permit to exist, as a result of an intentional or unintentional action or omission on Borrower's part or on the part of any third party, on property owned and/or occupied by Borrower, any environmental activity where damage may result to the environment, unless such environmental activity is pursuant to and in compliance with the conditions of a permit issued by the appropriate federal, state or local governmental authorities, shall furnish to Lender promptly and in any event within thirty (30) days after receipt thereof a copy of any notice, summons, lien, citation, directive, letter or other communication from any governmental agency or instrumentality concerning any intentional or unintentional action or omission on Borrower's part in connection with any environmental activity whether or not there is damage to the environment and/or other natural resources

**Additional Assurances**   Make, execute and deliver to Lender such promissory notes, mortgages, deeds of trust, security agreements, assignments, financing statements, instruments, documents and other agreements as Lender or its attorneys may reasonably request to evidence and secure the Loans and to perfect all Security Interests

**LENDER'S EXPENDITURES**   If any action or proceeding is commenced that would materially affect Lender's interest in the Collateral or if Borrower fails to comply with any provision of this Agreement or any Related Documents, including but not limited to Borrower's failure to discharge or pay when due any amounts Borrower is required to discharge or pay under this Agreement or any Related Documents, Lender on Borrower's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on any Collateral and paying all costs for insuring, maintaining and preserving any Collateral  All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Borrower  All such expenses will become a part of the Indebtedness and, at Lender's option, will  (A)  be payable on demand,  (B)  be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either  (1)  the term of any applicable insurance policy, or  (2)  the remaining term of the Note, or  (C)  be treated as a balloon payment which will be due and payable at the Note's maturity

**NEGATIVE COVENANTS**   Borrower covenants and agrees with Lender that while this Agreement is in effect, Borrower shall not, without the prior written consent of Lender

**Indebtedness and Liens**   (1)  Except for trade debt incurred in the normal course of business and indebtedness to Lender contemplated by this Agreement, create, incur or assume indebtedness for borrowed money, including capital leases,  (2)  sell, transfer, mortgage, assign, pledge, lease, grant a security interest in, or encumber any of Borrower's assets (except as allowed as Permitted Liens), or  (3)  sell with recourse any of Borrower's accounts, except to Lender

**Continuity of Operations**   (1)  Engage in any business activities substantially different than those in which Borrower is presently engaged,  (2)  cease operations, liquidate, merge, transfer, acquire or consolidate with any other entity, change its name, dissolve or transfer or sell Collateral out of the ordinary course of business, or  (3)  make any distribution with respect to any capital account, whether by reduction of capital or otherwise

**Loans, Acquisitions and Guaranties**   (1)  Loan, invest in or advance money or assets to any other person, enterprise or entity,  (2)  purchase, create or acquire any interest in any other enterprise or entity, or  (3)  incur any obligation as surety or guarantor other than in the ordinary course of business

**Agreements**   Borrower will not enter into any agreement containing any provisions which would be violated or breached by the performance of Borrower's obligations under this Agreement or in connection herewith

**CESSATION OF ADVANCES**   If Lender has made any commitment to make any Loan to Borrower, whether under this Agreement or under any other agreement, Lender shall have no obligation to make Loan Advances or to disburse Loan proceeds if  (A)  Borrower or any Guarantor is in

Loan No ⬤46

# BUSINESS LOAN AGREEMENT
## (Continued)

Page 4

default under the terms of this Agreement or any of the Related Documents or any other agreement that Borrower or any Guarantor has with Lender, (B) Borrower or any Guarantor dies, becomes incompetent or becomes insolvent, files a petition in bankruptcy or similar proceedings, or is adjudged a bankrupt, (C) there occurs a material adverse change in Borrower's financial condition, in the financial condition of any Guarantor, or in the value of any Collateral securing any Loan, or (D) any Guarantor seeks, claims or otherwise attempts to limit, modify or revoke such Guarantor's guaranty of the Loan or any other loan with Lender

**DEFAULT**  Each of the following shall constitute an Event of Default under this Agreement

**Payment Default**  Borrower fails to make any payment when due under the Loan

**Other Defaults**  Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Agreement or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower

**Environmental Default**  Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with any Loan

**Default in Favor of Third Parties**  Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's or any Grantor's property or Borrower's or any Grantor's ability to repay the Loans or perform their respective obligations under this Agreement or any of the Related Documents

**False Statements**  Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Agreement or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter

**Death or Insolvency**  The dissolution or termination of Borrower's existence as a going business or the death of any partner, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower

**Defective Collateralization**  This Agreement or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason

**Creditor or Forfeiture Proceedings**  Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the Loan  This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender  However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute

**Events Affecting Guarantor**  Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness

**Events Affecting General Partner of Borrower**  Any of the preceding events occurs with respect to any general partner of Borrower or any general partner dies or becomes incompetent

**Change in Ownership**  The resignation or expulsion of any general partner with an ownership interest of twenty-five percent (25%) or more in Borrower

**Adverse Change**  A material adverse change occurs in Borrower's financial condition  or Lender believes the prospect of payment or performance of the Loan is impaired

**Right to Cure**  If any default, other than a default on Indebtedness, is curable and if Borrower or Grantor, as the case may be, has not been given a notice of a similar default within the preceding twelve (12) months, it may be cured if Borrower or Grantor, as the case may be, after receiving written notice from Lender demanding cure of such default  (1)  cure the default within fifteen (15) days, or  (2)  if the cure requires more than fifteen (15) days, immediately initiate steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continue and complete all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical

**EFFECT OF AN EVENT OF DEFAULT**  If any Event of Default shall occur, except where otherwise provided in this Agreement or the Related Documents, all commitments and obligations of Lender under this Agreement or the Related Documents or any other agreement immediately will terminate (including any obligation to make further Loan Advances or disbursements), and at Lender's option, all Indebtedness immediately will become due and payable, all without notice of any kind to Borrower, except that in the case of an Event of Default of the type described in the "Insolvency" subsection above, such acceleration shall be automatic and not optional  In addition, Lender shall have all the rights and remedies provided in the Related Documents or available at law, in equity, or otherwise  Except as may be prohibited by applicable law, all of Lender's rights and remedies shall be cumulative and may be exercised singularly or concurrently  Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Borrower or of any Grantor shall not affect Lender's right to declare a default and to exercise its rights and remedies

**CHOICE OF VENUE**  Borrower and Lender agree that all actions or proceedings arising in connection with this Agreement and the other agreements, instruments and documents executed and/or delivered by Borrower and/or Lender in connection herewith shall be tried and litigated only in the State and Federal courts located in the county of Ventura, Los Angeles or Orange, State of California, as Lender may elect, provided, however, that any suit seeking enforcement against any collateral or other property may be brought, at Lender's option, in the courts of any jurisdiction where Lender elects to bring such action or where such collateral or other property may be found  Borrower and Lender waive, to the extent permitted under applicable law, any right each may have to assert the doctrine of forum non conveniens or to object to venue to the extent any proceeding is brought in accordance with this paragraph

**BORROWER'S FINANCIAL STATEMENTS**  Borrower shall maintain a system of accounting established and administered in accordance with sound business practices to permit preparation of the following financial statements in conformity with GAAP  Borrower covenants and agrees with Lender that while this Agreement is in effect, unless Lender shall otherwise give its prior written consent, Borrower shall provide to Lender the following financial statements, certified by Borrower as being true and correct

**Annual Statements**  As soon as available, but in no event later than one hundred twenty (120) days after the end of each fiscal year, Borrower shall deliver to Lender Borrower's financial statements, prepared by Borrower, including but not limited to a balance sheet, an income statement, a statement of cash flows, and appropriate footnotes and schedules  Such financial statements shall present fairly the financial condition of Borrower as at the dates indicated as well as the results of its operations and cash flows for the periods indicated in conformity

Loan No ●46

# BUSINESS LOAN AGREEMENT
## (Continued)

with GAAP applied on a basis consistent with prior years

**MISCELLANEOUS PROVISIONS**  The following miscellaneous provisions are a part of this Agreement

**Amendments**  This Agreement, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Agreement  No alteration of or amendment to this Agreement shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment

**Attorneys Fees, Expenses**  Borrower agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Agreement  Lender may hire or pay someone else to help enforce this Agreement, and Borrower shall pay the costs and expenses of such enforcement  Costs and expenses include Lender's attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services  Borrower also shall pay all court costs and such additional fees as may be directed by the court

**Caption Headings**  Caption headings in this Agreement are for convenience purposes only and are not to be used to interpret or define the provisions of this Agreement

**Consent to Loan Participation**  Borrower agrees and consents to Lender's sale or transfer, whether now or later, of one or more participation interests in the Loan to one or more purchasers, whether related or unrelated to Lender  Lender may provide, without any limitation whatsoever, to any one or more purchasers, or potential purchasers, any information or knowledge Lender may have about Borrower or about any other matter relating to the Loan, and Borrower hereby waives any rights to privacy Borrower may have with respect to such matters  Borrower additionally waives any and all notices of sale of participation interests, as well as all notices of any repurchase of such participation interests  Borrower also agrees that the purchasers of any such participation interests will be considered as the absolute owners of such interests in the Loan and will have all the rights granted under the participation agreement or agreements governing the sale of such participation interests  Borrower further waives all rights of offset or counterclaim that it may have now or later against Lender or against any purchaser of such a participation interest and unconditionally agrees that either Lender or such purchaser may enforce Borrower's obligation under the Loan irrespective of the failure or insolvency of any holder of any interest in the Loan  Borrower further agrees that the purchaser of any such participation interests may enforce its interests irrespective of any personal claims or defenses that Borrower may have against Lender

**Governing Law**  This Agreement will be governed by federal law applicable to Lender and  to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions  This Agreement has been accepted by Lender in the State of California

**No Waiver by Lender**  Lender shall not be deemed to have waived any rights under this Agreement unless such waiver is given in writing and signed by Lender  No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right  A waiver by Lender of a provision of this Agreement shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Agreement  No prior waiver by Lender, nor any course of dealing between Lender and Borrower, or between Lender and any Grantor, shall constitute a waiver of any of Lender's rights or of any of Borrower's or any Grantor s obligations as to any future transactions  Whenever the consent of Lender is required under this Agreement, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender

**Notices**  Any notice required to be given under this Agreement shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Agreement  Any party may change its address for notices under this Agreement by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address  For notice purposes, Borrower agrees to keep Lender informed at all times of Borrower's current address  Unless otherwise provided or required by law, if there is more than one Borrower, any notice given by Lender to any Borrower is deemed to be notice given to all Borrowers

**Severability**  If a court of competent jurisdiction finds any provision of this Agreement to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance  If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable  If the offending provision cannot be so modified, it shall be considered deleted from this Agreement  Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Agreement shall not affect the legality, validity or enforceability of any other provision of this Agreement

**Subsidiaries and Affiliates of Borrower**  To the extent the context of any provisions of this Agreement makes it appropriate, including without limitation any representation, warranty or covenant, the word "Borrower" as used in this Agreement shall include all of Borrower's subsidiaries and affiliates  Notwithstanding the foregoing however, under no circumstances shall this Agreement be construed to require Lender to make any Loan or other financial accommodation to any of Borrower's subsidiaries or affiliates

**Successors and Assigns**  All covenants and agreements by or on behalf of Borrower contained in this Agreement or any Related Documents shall bind Borrower's successors and assigns and shall inure to the benefit of Lender and its successors and assigns  Borrower shall not, however  have the right to assign Borrower's rights under this Agreement or any interest therein, without the prior written consent of Lender

**Survival of Representations and Warranties**  Borrower understands and agrees that in making the Loan, Lender is relying on all representations, warranties, and covenants made by Borrower in this Agreement or in any certificate or other instrument delivered by Borrower to Lender under this Agreement or the Related Documents  Borrower further agrees that regardless of any investigation made by Lender, all such representations, warranties and covenants will survive the making of the Loan and delivery to Lender of the Related Documents, shall be continuing in nature, and shall remain in full force and effect until such time as Borrower's Indebtedness shall be paid in full, or until this Agreement shall be terminated in the manner provided above, whichever is the last to occur

**Time is of the Essence**  Time is of the essence in the performance of this Agreement

**DEFINITIONS**  The following capitalized words and terms shall have the following meanings when used in this Agreement  Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America  Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require  Words and terms not otherwise defined in this Agreement shall have the meanings attributed to such terms in the Uniform Commercial Code  Accounting words and terms not otherwise defined in this Agreement shall have the meanings assigned to them in accordance with generally accepted accounting principles as in effect on the date of this Agreement

**Advance**  The word "Advance" means a disbursement of Loan funds made, or to be made, to Borrower or on Borrower's behalf on a line of credit or multiple advance basis under the terms and conditions of this Agreement

Loan No ▉▉46

# BUSINESS LOAN AGREEMENT
## (Continued)

**Agreement**  The word "Agreement" means this Business Loan Agreement, as this Business Loan Agreement may be amended or modified from time to time, together with all exhibits and schedules attached to this Business Loan Agreement from time to time

**Borrower**  The word "Borrower" means Itabo Partnership and includes all co-signers and co makers signing the Note and all their successors and assigns

**Collateral**  The word "Collateral" means all property and assets granted as collateral security for a Loan, whether real or personal property, whether granted directly or indirectly, whether granted now or in the future, and whether granted in the form of a security interest, mortgage, collateral mortgage, deed of trust, assignment, pledge, crop pledge, chattel mortgage, collateral chattel mortgage, chattel trust, factor's lien, equipment trust, conditional sale, trust receipt, lien, charge, lien or title retention contract, lease or consignment intended as a security device, or any other security or lien interest whatsoever, whether created by law, contract, or otherwise

**Environmental Laws**  The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U S C  Section 9601, et seq ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub L  No  99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U S C  Section 1801, et seq , the Resource Conservation and Recovery Act 42 U S C  Section 6901, et seq , Chapters 6 5 through 7 7 of Division 20 of the California Health and Safety Code, Section 25100, et seq , or other applicable state or federal laws, rules, or regulations adopted pursuant thereto

**Event of Default**  The words "Event of Default" mean any of the events of default set forth in this Agreement in the default section of this Agreement

**GAAP**  The word "GAAP" means generally accepted accounting principles

**Grantor**  The word "Grantor" means each and all of the persons or entities granting a Security Interest in any Collateral for the Loan, including without limitation all Borrowers granting such a Security Interest

**Guarantor**  The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Loan

**Guaranty**  The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note

**Hazardous Substances**  The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of  generated, manufactured, transported or otherwise handled  The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws  The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos

**Indebtedness**  The word "Indebtedness" means the indebtedness evidenced by the Note or Related Documents, including all principal and interest together with all other indebtedness and costs and expenses for which Borrower is responsible under this Agreement or under any of the Related Documents

**Lender**  The word "Lender" means First California Bank, its successors and assigns

**Loan**  The word "Loan" means any and all loans and financial accommodations from Lender to Borrower whether now or hereafter existing, and however evidenced, including without limitation those loans and financial accommodations described herein or described on any exhibit or schedule attached to this Agreement from time to time

**Note**  The word  Note ' means any Note, including but not limited to, the U S  Small Business Administration Note, dated April 17  2008, in the original principal amount of $310,000 00 from Borrower to Lender, together with all renewals of, extension of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement and any all future promissory notes thereafter

**Permitted Liens**  The words "Permitted Liens" mean  (1)  liens and security interests securing Indebtedness owed by Borrower to Lender, (2)  liens for taxes, assessments, or similar charges either not yet due or being contested in good faith,  (3)  liens of materialmen, mechanics, warehousemen, or carriers, or other like liens arising in the ordinary course of business and securing obligations which are not yet delinquent,  (4)  purchase money liens or purchase money security interests upon or in any property acquired or held by Borrower in the ordinary course of business to secure indebtedness outstanding on the date of this Agreement or permitted to be incurred under the paragraph of this Agreement titled "Indebtedness and Liens",  (5)  liens and security interests which, as of the date of this Agreement, have been disclosed to and approved by the Lender in writing, and  (6)  those liens and security interests which in the aggregate constitute an immaterial and insignificant monetary amount with respect to the net value of Borrower's assets

**Related Documents**  The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Loan

**Security Agreement**  The words "Security Agreement" mean and include without limitation any agreements, promises, covenants, arrangements, understandings or other agreements, whether created by law  contract  or otherwise, evidencing  governing, representing, or creating a Security Interest

**Security Interest**  The words "Security Interest" mean, without limitation, any and all types of collateral security, present and future, whether in the form of a lien, charge, encumbrance, mortgage, deed of trust, security deed, assignment, pledge, crop pledge, chattel mortgage, collateral chattel mortgage, chattel trust, factor's lien  equipment trust, conditional sale, trust receipt, lien or title retention contract, lease or consignment intended as a security device, or any other security or lien interest whatsoever whether created by law, contract, or otherwise

-Loan No ▓46

**BUSINESS LOAN AGREEMENT**
(Continued)

Page 7

BORROWER ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS BUSINESS LOAN AGREEMENT AND BORROWER AGREES TO ITS TERMS  THIS BUSINESS LOAN AGREEMENT IS DATED APRIL 17 2008

**BORROWER**

ITABO PARTNERSHIP

By _____
Lazara Diaz  General Partner of Itabo Partnership

By _____
Wilfred Diaz  General Partner of Itabo Partnership

**LENDER**

FIRST CALIFORNIA BANK

By _____
Authorized Signer

LASER PRO Lending  Ver E 40 00.003  Copr Harland Financial Solutions Inc 1997 2008  All Rights Reserved  CA F ICITWWACFNLFLIC40 FC TR 4171 PR 6

-15-

# LOAN AGREEMENT

THIS LOAN AGREEMENT ("Agreement") is made _____April 17, 2008_____ between the Borrower

and Lender identified in the attached Authorization issued by the U S Small Business Administration ("SBA") to

Lender, dated _____October 24, 2007_____, SBA Loan Number ████████-6000 ("Authorization")

SBA has authorized a guaranty of a loan from Lender to Borrower for the amount and under the terms stated in the attached Authorization (the "Loan")

In consideration of the promises in this Agreement and for other good and valuable consideration, Borrower and Lender agree as follows

1  Subject to the terms and conditions of the Authorization and SBA's Participating Lender Rules as defined in the Guarantee Agreement between Lender and SBA, Lender agrees to make the Loan if Borrower complies with the following "Borrower Requirements"  Borrower must

   a  Provide Lender with all certifications, documents or other information Lender is required by the Authorization to obtain from Borrower or any third party,

   b  Execute a note and any other documents required by Lender, and

   c  Do everything necessary for Lender to comply with the terms and conditions of the Authorization

2  The terms and conditions of this Agreement

   a  Are binding on Borrower and Lender and their successors and assigns,

   and

   b  Will remain in effect after the closing of the Loan

3  Failure to abide by any of the Borrower Requirements will constitute an event of default under the note and other loan documents

Borrower

Itabo Partnership

By _____  _____  Date  4/22/08
   Lazara Diaz, General Partner   Wilfred Diaz, General Partner

Lender  First California Bank

By _____ RVP for  Date  4/22/08
   Ron DeNapoli Vice President

Wolters Kluwer Financial Services  St Cloud MN

-16-

# EXHIBIT "C"



U S  Small Business Administration

# UNCONDITIONAL GUARANTEE

| SBA Loan # | _____-6000 |
|---|---|
| SBA Loan Name | It's a Gnnd Coffee House |
| Guarantor | Wilfred Diaz |
| Borrower | Itabo Partnership |
| Lender | First California Bank |
| Date | April 17, 2008 |
| Note Amount | 310 000 00 |

1  GUARANTEE

Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note  This Guarantee remains in effect until the Note is paid in full  Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor  Lender is not required to seek payment from any other source before demanding payment from Guarantor

2  NOTE

The "Note" is the promissory note dated        April 17  2008                                     in the principal amount of

Three Hundred Ten Thousand and no/100************************************************************ Dollars,

from Borrower to Lender  It includes any assumption, renewal, substitution, or replacement of the Note, and multiple notes under a line of credit

3  DEFINITIONS

"Collateral" means any property taken as security for payment of the Note or any guarantee of the Note

"Loan" means the loan evidenced by the Note

"Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral

"SBA" means the Small Business Administration, an Agency of the United States of America

SBA Form 148 (10/98) Previous editions obsolete

Wolters Kluwer Financial Services, St  Cloud  MN



4   LENDER'S GENERAL POWERS

Lender may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor

A   Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note,

B   Refrain from taking any action on the Note, the Collateral, or any guarantee,

C   Release any Borrower or any guarantor of the Note,

D   Compromise or settle with the Borrower or any guarantor of the Note,

E   Substitute or release any of the Collateral, whether or not Lender receives anything in return,

F   Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement,

G   Bid or buy at any sale of Collateral by Lender or any other lienholder, at any price Lender chooses, and

H   Exercise any rights it has, including those in the Note and other Loan Documents

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against Lender

5   FEDERAL LAW

When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations  Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes  By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability  As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law

6   RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES

To the extent permitted by law,

A   Guarantor waives all rights to
    1)   Require presentment, protest, or demand upon Borrower,
    2)   Redeem any Collateral before or after Lender disposes of it,
    3)   Have any disposition of Collateral advertised, and
    4)   Require a valuation of Collateral before or after Lender disposes of it

B   Guarantor waives any notice of
    1)   Any default under the Note,
    2)   Presentment  dishonor, protest, or demand,
    3)   Execution of the Note,
    4)   Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses,
    5)   Any change in the financial condition or business operations of Borrower or any guarantor,
    6)   Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note, and
    7)   The time or place of any sale or other disposition of Collateral

C   Guarantor waives defenses based upon any claim that
    1)   Lender failed to obtain any guarantee,
    2)   Lender failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral,
    3)   Lender or others improperly valued or inspected the Collateral,
    4)   The Collateral changed in value, or was neglected, lost, destroyed, or underinsured,

5) Lender impaired the Collateral,

6) Lender did not dispose of any of the Collateral,

7) Lender did not conduct a commercially reasonable sale,

8) Lender did not obtain the fair market value of the Collateral,

9) Lender did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note,

10) The financial condition of Borrower or any guarantor was overstated or has adversely changed,

11) Lender made errors or omissions in Loan Documents or administration of the Loan,

12) Lender did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor

13) Lender impaired Guarantor's suretyship rights,

14) Lender modified the Note terms, other than to increase amounts due under the Note  If Lender modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts,

15) Borrower has avoided liability on the Note, or

16) Lender has taken an action allowed under the Note, this Guarantee, or other Loan Documents

## 7  DUTIES AS TO COLLATERAL

Guarantor will preserve the Collateral pledged by Guarantor to secure this Guarantee  Lender has no duty to preserve or dispose of any Collateral

## 8  SUCCESSORS AND ASSIGNS

Under this Guarantee, Guarantor includes heirs and successors, and Lender includes its successors and assigns

## 9  GENERAL PROVISIONS

A  ENFORCEMENT EXPENSES  Guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs

B  SBA NOT A CO-GUARANTOR  Guarantor's liability will continue even if SBA pays Lender  SBA is not a co-guarantor with Guarantor  Guarantor has no right of contribution from SBA

C  SUBROGATION RIGHTS  Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full

D  JOINT AND SEVERAL LIABILITY  All individuals and entities signing as Guarantor are jointly and severally liable

E  DOCUMENT SIGNING  Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral

F  FINANCIAL STATEMENTS  Guarantor must give Lender financial statements as Lender requires

G  LENDER'S RIGHTS CUMULATIVE, NOT WAIVED  Lender may exercise any of its rights separately or together, as many times as it chooses  Lender may delay or forgo enforcing any of its rights without losing or impairing any of them

H  ORAL STATEMENTS NOT BINDING  Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee

I  SEVERABILITY  If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect

J  CONSIDERATION  The consideration for this Guarantee is the Loan or any accommodation by Lender as to the Loan

10 STATE-SPECIFIC PROVISIONS

"Guarantor acknowledges that this Guarantee is secured by a Deed of Trust in favor of Lender On real property located in Los Angeles County California That Deed of Trust contains the following due-on-sale provision

DUE ON SALE - CONSENT BY LENDER Lender may at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property or any interest in the Real Property A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property whether legal beneficial or equitable, whether voluntary or involuntary whether by outright sale, deed, installment sale contract land contract, contract for deed, leasehold interest with a term greater that three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property or by any other method of converyance of an interest in the Real Property However, this option shall not be excercised by Lender if such exercise is prohibited by applicable law

Guarantor waives its rights of subrogation, reimbursement, indemnification and contribution and any other rights and defenses that are or may become available to the guarantor by reason of California Civil Code Sections 2787 to 2855, inclusive

Guarantor waives all rights and defenses that the guarantor may have because the debtor's debt is secured by real property This means, among other things
(1) The creditor may collect from the guarantor without first foreclosing on the real or personal property collateral pledged by the debtor
(2) If the creditor forecloses on any real property collateral pledged by the debtor
    (A) The amount of the debt may be reduced by only the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price
    (B) The creditor may collect from the guarantor even if the creditor, by foreclosing on the real property collateral has destroyed any right the guarantor may have to collect from the debtor

This is an unconditional and irrevocable waiver of any rights and defenses the guarantor may have because the debtor's debt is secured by real property These rights and defenses include but are not limited to, any rights or defenses based upon Section 580a, 580b 580d, or 726 of the Code of Civil Procedure

Guarantor waives all rights and defenses arising out of an election of remedies by the creditor, even though that election of remedies such as non-judicial foreclosure with respect to security for a guaranteed obligation has destroyed the guarantor's rights of subrogation and reimbursement against the principal by operation of Section 580d of the Code of Civil Procedure or otherwise

11  GUARANTOR ACKNOWLEDGMENT OF TERMS

Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers

12  GUARANTOR NAME(S) AND SIGNATURE(S)

By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee

Wilfred Diaz                                                    4/27/00

# EXHIBIT "D"



FIRST
CALIFORNIA
BANK

# FIRST AMENDMENT TO BUSINESS LOAN AGREEMENT

**THIS FIRST AMENDMENT TO BUSINESS LOAN AGREEMENT** (the "Amendment"), dated as of January 25, 2013, is entered into by and between Itabo Partnership ("Borrower") and First California Bank ("Lender")

## RECITALS

A    Borrower and Lender are parties to a Business Loan Agreement dated as of April 17, 2008 (the "Agreement")

B    Borrower and Lender have agreed to amend certain terms and conditions of the Agreement in certain respects

C    Borrower and Lender are contemporaneously with this Agreement entering into a Change in Terms Agreement, which may also amend certain terms of the Agreement

## AGREEMENT

Borrower and Lender agree as follows

1    Each of the terms defined in the Agreement, unless otherwise defined herein, shall have the same meaning when used herein

2    The subsection titled **Guaranties** under the section titled **AFFIRMATIVE COVENANTS** of the Agreement is amended in full to read as follows

**Guaranties**    Prior to disbursement of any loan proceeds, furnish Lender executed guaranties of the Loans in favor of Lender, executed by the guarantors named below, on Lender's forms, and in the amount and under the conditions set forth in the guaranties

| Guarantor | Amount |
|-----------|--------|
| Lazara Diaz | Unlimited |
| Wilfred Diaz | Unlimited |

3    **SMALL BUSINESS JOBS ACT CERTIFICATION**    The following information is requested pursuant to Section 4107(d)(2) of the Small Business Jobs Act of 2010   The law requires an institution to obtain a certification from any business receiving a loan using funds received by the institution under the Small Business Lender Fund   As required by Section 4407(d)(2) of the Small Business Jobs Act of 2010, Borrower hereby certifies to Lender that the principals of Borrower and its affiliates have not been convicted of, or pleaded *nolo contrendre* to, a sex offense against a minor (as such terms are

- 24 -

defined in section 111 of the Sex Offender Registration and Notification Act (42 U S C 16911))   The term "principals" is defined as follows  if a sole proprietorship, the proprietor, if a partnership, each managing partner and each partner who is a natural person and holds a 20% or more ownership interest in the partnership, and if a corporation, limited liability company, association or a development company, each director, each of the five most highly compensated executives or officers of the entity, and each natural person who is a direct or indirect holder of 20% or more of the ownership stock or stock equivalent of the entity

4     FACSIMILE AND COUNTERPART  This Agreement may be executed in two or more counterparts, which, taken together, shall constitute the whole of the agreement as between the parties   Each executed counterpart may be delivered in the form of a photocopy, facsimile, or scanned document, each of which shall have the same legal force and effect as delivery of an original

5     Except as specifically amended above, the Agreement shall remain in full force and effect and is hereby ratified and confirmed   This Amendment and the Agreement shall be read together, as one document

6     Borrower represents and warrants as follows

   (a)     Each of the representations and warranties contained in the Agreement, as amended hereby, is hereby reaffirmed as of the date hereof,

   (b)     The execution, delivery and performance of this Amendment and any note required hereunder are within the Borrower's powers, have been duly authorized by all necessary action, have received all necessary governmental approvals, if any, and do not contravene any law or any contractual restriction binding on Borrower and

   (c)     No event has occurred and is continuing or would result from this Amendment that constitutes an Event of Default under the Agreement, or would constitute an Event of Default but for the requirement that notice be given or time elapse or both

WITNESS the due execution hereof as of the date first above written

BORROWER

ITABO PARTNERSHIP

By _____
   Lazara Diaz, General Partner of Itabo Partnership

By _____
   Wilfred Diaz, General Partner of Itabo Partnership

LENDER

FIRST CALIFORNIA BANK

By _____
   Authorized Officer

2

# CHANGE IN TERMS AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $284,330.50 | 01-25-2013 | 02-01-2019 | [redacted]46 | 51 / 44 | | SEB | SB |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** Itabo Partnership
247 Pine Avenue
Long Beach, CA 90802

**Lender:** First California Bank
Camarillo Branch
1150 Paseo Camarillo
Small Business Administration Division
Camarillo, CA 93010

**Principal Amount: $284,330.50** **Date of Agreement: January 25, 2013**

**DESCRIPTION OF EXISTING INDEBTEDNESS.** A U.S. Small Business Administration Note, dated as of April 17, 2008, in the original principal amount of Three Hundred Ten Thousand and 00/100 Dollars ($310,000.00), as amended by those certain Change in Terms Agreements, dated as of December 29, 2008 and March 1, 2009.

**DESCRIPTION OF COLLATERAL.** The U.S. Small Business Administration Note is secured by the collateral as described in the Commercial Security Agreement, dated as of April 17, 2008, executed by Grantor/Debtor in favor of Lender.

**DESCRIPTION OF CHANGE IN TERMS.** Effective as of the date of this Agreement, Borrower's next payment will be due on February 1, 2013.

The fourth paragraph under the section titled **PAYMENTS TERMS** of the U.S. Small Business Administration Note is hereby amended in full to read as follows:

Subject to any changes in the Prime Rate, Borrower will pay this loan in accordance with the following payment schedule using the interest rates described in this paragraph:

18 monthly consecutive principal and interest payments in the initial amount of $2,000.00 each, beginning February 1, 2013, with interest calculated on the unpaid principal balances using an interest rate based on the Wall Street Journal Prime Rate's as published in the Wall Street Journal and announced by Lender (currently 3.250%), plus a margin of 2.500 percentage points, resulting in an initial interest rate of 5.750%.

Upon the Lender's review of Borrower's financial condition and overall peformance, Lender, at its sole discretion, may implement the following repayment plan:

2 Year Payment Plan: 12 monthly consecutive principal and interest payments in the initial amount of $2,700.00 each, beginning August 1, 2014, with interest calculated on the unpaid principal balances using an interest rate based on the then Wall Street Journal Prime Rate's as published in the Wall Street Journal and announced by Lender (currently 3.250%), plus a margin of 2.500 percentage points;

12 monthly consecutive principal and interest payments in the initial amount of $3,402.85 each, beginning August 1, 2015, with interest calculated on the unpaid principal balances using an interest rate based on the then Wall Street Journal Prime Rate's as published in the Wall Street Journal and announced by Lender (currently 3.250%), plus a margin of 2.500 percentage points.

Upon completion of the payment schedule above, remaining principal balance outstanding under the Note shall be re-negotiated at Lender's sole discretion.

**CONTINUING VALIDITY.** Except as expressly changed by this Agreement, the terms of the original obligation or obligations, including all agreements evidenced or securing the obligation(s), remain unchanged and in full force and effect. Consent by Lender to this Agreement does not waive Lender's right to strict performance of the obligation(s) as changed, nor obligate Lender to make any future change in terms. Nothing in this Agreement will constitute a satisfaction of the obligation(s). It is the intention of Lender to retain as liable parties all makers and endorsers of the original obligation(s), including accommodation parties, unless a party is expressly released by Lender in writing. Any maker or endorser, including accommodation makers, will not be released by virtue of this Agreement. If any person who signed the original obligation does not sign this Agreement below, then all persons signing below acknowledge that this Agreement is given conditionally, based on the representation to Lender that the non-signing party consents to the changes and provisions of this Agreement or otherwise will not be released by it. This waiver applies not only to any initial extension, modification or release, but also to all such subsequent actions.

**COMMERCIAL GUARANTY.** This Note is supported by two (2) U.S. Small Business Administration Unconditional Guaranties, dated as of April 17, 2008.

**RELEASE PROVISION.** Borrower releases and discharges Lender and whether past or present, Lender's directors, officers, employees, shareholders, partners, subsidiaries, parent companies, affiliates, representatives, agents, attorneys, heirs, executors, administrators, successors-in-interest and assigns of and from any and all liabilities, damages, demands, manners of action, causes of action, suits, debts, liens, sums of money, costs, expenses, attorneys' fees, taxes, fines, penalties, forfeitures, accounts, controversies, agreements, promises and claims whatsoever, in law or in equity, which the parties hereto may now have, whether known or unknown, suspected or unsuspected, fixed or contingent, matured or unmatured, arising out of or respecting any past or present matter, cause or thing. It is expressly understood and agreed that Borrower is hereby waiving and surrendering their rights pursuant to Section 1542 of the Civil Code of the State of California which provides as follows:

"A general release does not extend to claims which a creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Borrower has obtained or has had the opportunity to obtain the advice of legal counsel prior to the execution of this Agreement. Borrower executes this Agreement voluntarily and with full knowledge of its significance and with the express intention of extinguishing any and all obligations and claims arising out of or connected with the matters specified.

**VENUE AND JURISDICTION.** The party(ies) and/or undersigned to this Agreement and Lender agree that all actions or proceedings arising in connection with this Agreement and the other agreements, instruments and documents executed and/or delivered by the party(ies)/undersigned and Lender in connection herewith shall be tried and litigated only in the State and Federal courts located in the county of Ventura, Los Angeles, Orange, San Bernardino, Riverside, San Diego and San Luis Obispo, State of California, as Lender may elect, provided, however, that any suit seeking enforcement against any collateral or other property may be brought, at Lender's option, in the courts of any jurisdiction where Lender elects to bring such action or where such collateral or other property may be found. The party(ies)/undersigned to this Agreement and Lender waive, to the extent permitted under applicable law, any right each may have to assert the doctrine of forum non conveniens or to object to venue to the extent any proceeding is brought in accordance with this paragraph. The undersigned consents to the full personal jurisdiction of any state or federal court in California.

**FACSIMILE AND COUNTERPART.** This Agreement may be executed in two or more counterparts, which, taken together, shall constitute the

Loan No: ⬤46

## CHANGE IN TERMS AGREEMENT
### (Continued)

Page 2

whole of the agreement as between the parties.  Each executed counterpart may be delivered in the form of a photocopy, facsimile, or scanned document, each of which shall have the same legal force and effect as delivery of an original.

PRIOR TO SIGNING THIS AGREEMENT, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS AGREEMENT.  BORROWER AGREES TO THE TERMS OF THE AGREEMENT.

BORROWER:

ITABO PARTNERSHIP

By: _____
    Lazara Diaz, General Partner of Itabo Partnership

By: _____
    Wilfred Diaz, General Partner of Itabo Partnership

LASER PRO Lending, Ver. 5.60.00.005  Copr. Harland Financial Solutions, Inc. 1997, 2012.  All Rights Reserved.  - CA  F:\CF\WIN\CFI\LPL\D20C.FC  TR-4171  PR-6



## REAFFIRMATION OF U S SMALL BUSINESS ADMINISTRATION
## UNCONDITIONAL GUARANTEE

This Reaffirmation of U S Small Business Administration Unconditional Guarantee is dated as of January 25, 2013   Where as **Lazara Diaz ("Guarantor")** has executed and delivered to First **California Bank ("Lender")** a U S Small Business Administration Unconditional Guarantee dated as of April 17, 2008 for the obligations of **Itabo Partnership ("Debtor")** to Lender   Lender has advised the Guarantor that it has or may have modified its financing arrangements with Debtor, and as a condition to such modification, Lender has required that the Guarantor execute and deliver this document

In consideration for the Lender providing financing to Debtor, as recently modified, the Guarantor hereby agrees with Lender as follows

1    The U S Small Business Administration Unconditional Guarantee remains in full force and effect and includes all present and future obligations of Debtor to Lender

2    The principal amount guaranteed by the Guarantor pursuant to the U S Small Business Administration Unconditional Guarantee is unlimited

3    To the extent that the Guarantor's obligations under the U S Small Business Administration Unconditional Guarantee are secured, the collateral securing the U S Small Business Administration Unconditional Guarantee includes all present and future obligations under the U S Small Business Administration Unconditional Guarantee, as amended hereby

4    **California Vehicle Code Acknowledgement**   Guarantor agrees to waive their rights under the California Vehicle Code Sections 1808 21, 1808 22 or 1808 23, regarding the disclosure of Guarantor's residential address

5    **Release Provision**   Guarantor releases and discharges Lender and whether past or present, Lender's directors, officers, employees, shareholders, partners, subsidiaries, parent companies, affiliates, representatives, agents, attorneys, heirs, executors, administrators, successors-in-interest and assigns of and from any and all liabilities, damages, demands, manners of action, causes of action, suits, debts, liens, sums of money, costs, expenses, attorneys' fees, taxes, fines, penalties, forfeitures, accounts, controversies, agreements, promises and claims whatsoever, in law or in equity, which the parties hereto may now have, whether known or unknown, suspected or unsuspected, fixed or contingent, matured or unmatured, arising out of or respecting any past or present matter, cause or thing   It is expressly understood and agreed that Guarantor is hereby waiving and surrendering their rights pursuant to Section 1542 of the Civil Code of the State of California which provides as follows

"A general release does not extend to claims which a creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor "

Guarantor has obtained or has had the opportunity to obtain the advice of legal counsel prior to the execution of this Agreement   Guarantor executes this Agreement voluntarily

1

and with full knowledge of its significance and with the express intention of extinguishing any and all obligations and claims arising out of or connected with the matters specified

6    Except as expressly provided herein, the U S Small Business Administration Unconditional Guarantee shall not be modified or amended

7    This Agreement may be executed in two or more counterparts, which, taken together, shall constitute the whole of the agreement as between the parties   Each executed counterpart may be delivered in the form of a photocopy, facsimile, or scanned document, each of which shall have the same legal force and effect as delivery of an original

Guarantor

X

Lazara Diaz

2





FIRST
CALIFORNIA
BANK

## REAFFIRMATION OF U S SMALL BUSINESS ADMINISTRATION
## UNCONDITIONAL GUARANTEE

This Reaffirmation of U S Small Business Administration Unconditional Guarantee is dated as of January 25, 2013   Where as Wilfred Diaz ("Guarantor") has executed and delivered to First California Bank ("Lender") a U S Small Business Administration Unconditional Guarantee dated as of April 17, 2008 for the obligations of Itabo Partnership ("Debtor") to Lender   Lender has advised the Guarantor that it has or may have modified its financing arrangements with Debtor, and as a condition to such modification, Lender has required that the Guarantor execute and deliver this document

In consideration for the Lender providing financing to Debtor, as recently modified, the Guarantor hereby agrees with Lender as follows

1    The U S Small Business Administration Unconditional Guarantee remains in full force and effect and includes all present and future obligations of Debtor to Lender

2    The principal amount guaranteed by the Guarantor pursuant to the U S Small Business Administration Unconditional Guarantee is unlimited

3    To the extent that the Guarantor's obligations under the U S Small Business Administration Unconditional are secured, the collateral securing the U S Small Business Administration Unconditional Guarantee includes all present and future obligations under the U S Small Business Administration Unconditional Guarantee, as amended hereby

4    **California Vehicle Code Acknowledgement**   Guarantor agrees to waive their rights under the California Vehicle Code Sections 1808 21, 1808 22 or 1808 23, regarding the disclosure of Guarantor's residential address

5    **Release Provision**   Guarantor releases and discharges Lender and whether past or present, Lender's directors, officers, employees, shareholders, partners, subsidiaries, parent companies, affiliates, representatives, agents, attorneys, heirs, executors, administrators, successors-in-interest and assigns of and from any and all liabilities, damages, demands, manners of action, causes of action, suits, debts, liens, sums of money, costs, expenses, attorneys' fees, taxes, fines, penalties, forfeitures, accounts, controversies, agreements, promises and claims whatsoever, in law or in equity, which the parties hereto may now have, whether known or unknown, suspected or unsuspected, fixed or contingent, matured or unmatured, arising out of or respecting any past or present matter, cause or thing   It is expressly understood and agreed that Guarantor is hereby waiving and surrendering their rights pursuant to Section 1542 of the Civil Code of the State of California which provides as follows

"A general release does not extend to claims which a creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor "

Guarantor has obtained or has had the opportunity to obtain the advice of legal counsel prior to the execution of this Agreement   Guarantor executes this Agreement voluntarily

1

and with full knowledge of its significance and with the express intention of extinguishing any and all obligations and claims arising out of or connected with the matters specified

6    Except as expressly provided herein, the U S Small Business Administration Unconditional Guarantee shall not be modified or amended

7    This Agreement may be executed in two or more counterparts, which, taken together, shall constitute the whole of the agreement as between the parties    Each executed counterpart may be delivered in the form of a photocopy, facsimile, or scanned document, each of which shall have the same legal force and effect as delivery of an original

Guarantor

X _____
Wilfred Diaz

2

# EXHIBIT"E"

19746  HAL

**This page is part of your document - DO NOT DISCARD**



**20080729574**    Pages.
012

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

04/25/08 AT 08:00AM

| Fee | 52 00 |
| Tax | 0 00 |
| Other | 0 00 |
| Total | 52 00 |

Title Company

## TITLE(S) :



L E A D    S H E E T

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink          Number of AIN's Shown

E404773          **THIS FORM IS NOT TO BE DUPLICATED**

-33-

NOT REQUESTED BY.
*LA CITY NATIONAL TITLE*

725109848-

**RECORDATION REQUESTED BY**
First California Bank
Irvine Office
Small Business Administration Division
19752 Mac Arthur Bouelvard
Irvine, CA 92612

04/25/08

20080729574

**WHEN RECORDED MAIL TO**
First California Bank
2200 Sepulveda Boulevard
Torrance, CA 90501

**SEND TAX NOTICES TO**
Lazara I Diaz-Juarez
Wilfred Diaz
3364 Live Oak Street
Huntington Park, CA 90255

FOR RECORDER S USE ONLY

## DEED OF TRUST

**THIS DEED OF TRUST** is dated April 17, 2008, among Wilfred Diaz, a single man and Lazara I Diaz-Juarez, a married woman as her sole and separate property, as joint tenants, whose address is 3364 Live Oak Street, Huntington Park, CA 90255 ("Trustor"), First California Bank, whose address is Irvine Office, Small Business Administration Division, 19752 Mac Arthur Bouelvard, Irvine, CA 92612 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"), and First California Bank, whose address is 2200 Sepulveda Boulevard, Torrance, CA 90501 (referred to below as "Trustee").

**CONVEYANCE AND GRANT** For valuable consideration, Trustor irrevocably grants, transfers and assigns to Trustee in trust, with power of sale for the benefit of Lender as Beneficiary all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures, all easements, rights of way, and appurtenances, all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights), and all other rights, royalties, and profits relating to the real property, including without limitation all minerals oil, gas, geothermal and similar matters, (the "Real Property") located in Los Angeles County, State of California

THE EAST 43 FEET OF THE WEST 129 FEET OF THE NORTH 125 FEET OF LOT 70 OF TRACT NO 2599, IN THE CITY OF HUNTINGTON PARK, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 26, PAGE(S) 50 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

The Real Property or its address is commonly known as 3364 Live Oak Street, Huntington Park, CA 90255 The Assessor's Parcel Number for the Real Property is 6213-011-013

Trustor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Trustor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property This is an absolute assignment of Rents made in connection with an obligation secured by real property pursuant to California Civil Code Section 2938 In addition, Trustor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY IS GIVEN TO SECURE (A) PERFORMANCE OF A GUARANTY FROM TRUSTOR TO LENDER AND DOES NOT DIRECTLY SECURE THE OBLIGATIONS DUE LENDER UNDER THE NOTE, (B) PAYMENT OF THE INDEBTEDNESS AND (C) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THIS DEED OF TRUST  THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS

**TRUSTOR'S REPRESENTATIONS AND WARRANTIES** Trustor warrants that (a) this Deed of Trust is executed at Borrower's request and not at the request of Lender (b) Trustor has the full power right, and authority to enter into this Deed of Trust and to hypothecate the Property (c) the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Trustor and do not result in a violation of any law, regulation, court decree or order applicable to Trustor, (d) Trustor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition, and (e) Lender has made no representation to Trustor about Borrower (including without limitation the creditworthiness of Borrower)

**TRUSTOR S WAIVERS** Except as prohibited by applicable law, Trustor waives any right to require Lender to (a) make any presentment, protest, demand, or notice of any kind, including notice of change of any terms of repayment of the Indebtedness, default by Borrower or any other guarantor or surety, any action or nonaction taken by Borrower, Lender, or any other guarantor or surety of Borrower, or the creation of new or additional Indebtedness, (b) proceed against any person, including Borrower, before proceeding against Trustor, (c) proceed against any collateral for the Indebtedness, including Borrower's collateral, before proceeding against Trustor, (d) apply any payments or proceeds received against the Indebtedness in any order, (e) give notice of the terms, time, and place of any sale of any collateral pursuant to the Uniform Commercial Code or any other law governing such sale, (f) disclose any information about the Indebtedness, Borrower, any collateral, or any other guarantor or surety, or about any action or nonaction of Lender, or (g) pursue any remedy or course of action in Lender's power whatsoever

Trustor also waives any and all rights or defenses arising by reason of (h) any disability or other defense of Borrower any other guarantor or surety or any other person, (i) the cessation from any cause whatsoever, other than payment in full, of the Indebtedness, (j) the

-34-

# DEED OF TRUST
## (Continued)

Loan No ___46                                                                                              Page 2

application of proceeds of the Indebtedness by Borrower for purposes other than the purposes understood and intended by Trustor and Lender, (k) any act of omission or commission by Lender which directly or indirectly results in or contributes to the discharge of Borrower or any other guarantor or surety, or the Indebtedness, or the loss or release of any collateral by operation of law or otherwise, (l) any statute of limitations in any action under this Deed of Trust or on the Indebtedness or (m) any modification or change in terms of the Indebtedness, whatsoever, including without limitation, the renewal, extension, acceleration, or any change in the time payment of the Indebtedness is due and any change in the interest rate

Trustor waives all rights and defenses arising out of an election of remedies by Lender, even though that election of remedies, such as non-judicial foreclosure with respect to security for a guaranteed obligation, has destroyed Trustor's rights of subrogation and reimbursement against Borrower by the operation of Section 580d of the California Code of Civil Procedure, or otherwise

Trustor waives all rights and defenses that Trustor may have because Borrower's obligation is secured by real property   This means among other things  (1) Lender may collect from Trustor without first foreclosing on any real or personal property collateral pledged by Borrower  (2) If Lender forecloses on any real property collateral pledged by Borrower  (A) The amount of Borrower's obligation may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price  (B) Lender may collect from Trustor even if Lender, by foreclosing on the real property collateral, has destroyed any right Trustor may have to collect from Borrower  This is an unconditional and irrevocable waiver of any rights and defenses Trustor may have because Borrower's obligation is secured by real property   These rights and defenses include, but are not limited to, any rights and defenses based upon Section 580a, 580b, 580d, or 726 of the Code of Civil Procedure

Trustor understands and agrees that the foregoing waivers are unconditional and irrevocable waivers of substantive rights and defenses to which Trustor might otherwise be entitled under state and federal law   The rights and defenses waived include, without limitation, those provided by California laws of suretyship and guaranty, anti deficiency laws, and the Uniform Commercial Code   Trustor acknowledges that Trustor has provided these waivers of rights and defenses with the intention that they be fully relied upon by Lender   Trustor further understands and agrees that this Deed of Trust is a separate and independent contract between Trustor and Lender, given for full and ample consideration, and is enforceable on its own terms   Until all Indebtedness is paid in full, Trustor waives any right to enforce any remedy Trustor may have against Borrower's or any other guarantor, surety, or other person, and further, Trustor waives any right to participate in any collateral for the Indebtedness now or hereafter held by Lender

**PAYMENT AND PERFORMANCE**   Except as otherwise provided in this Deed of Trust, Trustor shall strictly perform all of Trustor's obligations under the Guaranty and under this Deed of Trust

**POSSESSION AND MAINTENANCE OF THE PROPERTY**   Lender and Trustor agree that Borrower's and Trustor's possession and use of the Property shall be governed by the following provisions

**Possession and Use**   Until the occurrence of an Event of Default, Trustor may  (1)  remain in possession and control of the Property, (2)  use, operate or manage the Property, and  (3)  collect the Rents from the Property

**Duty to Maintain**   Trustor shall  maintain the Property in tenantable condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value

**Compliance With Environmental Laws**   Trustor represents and warrants to Lender that  (1)  During the period of Trustor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property,  (2)  Trustor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing,  (a)  any breach or violation of any Environmental Laws,  (b)  any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property or  (c)  any actual or threatened litigation or claims of any kind by any person relating to such matters, and  (3)  Except as previously disclosed to and acknowledged by Lender in writing,  (a)  neither Trustor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property, and  (b)  any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws   Trustor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Trustor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust   Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Trustor or to any other person   The representations and warranties contained herein are based on Trustor's due diligence in investigating the Property for Hazardous Substances   Trustor hereby  (1)  releases and waives any future claims against Lender for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws, and  (2)  agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Trustor's ownership or interest in the Property, whether or not the same was or should have been known to Trustor   The provisions of this section of the Deed of Trust, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise

**Nuisance, Waste**   Trustor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property   Without limiting the generality of the foregoing, Trustor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent

**Removal of Improvements**   Trustor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent   As a condition to the removal of any Improvements, Lender may require Trustor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value

**Lender's Right to Enter**   Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Trustor's compliance with the terms and conditions of

- 35 -

Loan No ●46

# DEED OF TRUST
## (Continued)

Page 3

**Compliance with Governmental Requirements**  Trustor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act  Trustor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Trustor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized  Lender may require Trustor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest

**Duty to Protect**  Trustor agrees neither to abandon or leave unattended the Property  Trustor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property

**DUE ON SALE - CONSENT BY LENDER**  Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property  A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property, whether legal, beneficial or equitable  whether voluntary or involuntary, whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property  If any Trustor is a corporation, partnership or limited liability company, transfer also includes any change in ownership of more than twenty-five percent (25%) of the voting stock, partnership interests or limited liability company interests, as the case may be, of such Trustor  However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law

**TAXES AND LIENS**  The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust

**Payment**  Trustor shall pay when due (and in all events at least ten (10) days prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property  Trustor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due, except for the Existing Indebtedness referred to below, and except as otherwise provided in this Deed of Trust

**Right to Contest**  Trustor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized  If a lien arises or is filed as a result of nonpayment, Trustor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Trustor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien  In any contest, Trustor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property  Trustor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings

**Evidence of Payment**  Trustor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property

**Notice of Construction**  Trustor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials and the cost exceeds 1,000 00  Trustor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Trustor can and will pay the cost of such improvements

**PROPERTY DAMAGE INSURANCE**  The following provisions relating to insuring the Property are a part of this Deed of Trust

**Maintenance of Insurance**  Trustor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender  Trustor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Lender may request with Trustee and Lender being named as additional insureds in such liability insurance policies  Additionally, Trustor shall maintain such other insurance  including but not limited to hazard, business interruption, and boiler insurance  as Lender may reasonably require  Notwithstanding the foregoing, in no event shall Trustor be required to provide hazard insurance in excess of the replacement value of the improvements on the Real Property  Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender  Trustor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Lender  Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Trustor or any other person  Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Trustor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan

**Application of Proceeds**  Trustor shall promptly notify Lender of any loss or damage to the Property if the estimated cost of repair or replacement exceeds 1,000 00  Lender may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty  If in Lender's sole judgment Lender s security interest in the Property has been impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property  If the proceeds are to be applied to restoration and repair, Trustor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender  Lender shall, upon satisfactory proof of such

# DEED OF TRUST
## (Continued)

expenditure, pay or reimburse Trustor from the proceeds for the reasonable cost of repair or restoration if Trustor is not in default under this Deed of Trust  Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness  If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Trustor as Trustor's interests may appear

**Compliance with Existing Indebtedness**  During the period in which any Existing Indebtedness described below is in effect, compliance with the insurance provisions contained in the instrument evidencing such Existing Indebtedness shall constitute compliance with the insurance provisions under this Deed of Trust, to the extent compliance with the terms of this Deed of Trust would constitute a duplication of insurance requirement  If any proceeds from the insurance become payable on loss, the provisions in this Deed of Trust for division of proceeds shall apply only to that portion of the proceeds not payable to the holder of the Existing Indebtedness

**Trustor s Report on Insurance**  Upon request of Lender, however not more than once a year, Trustor shall furnish to Lender a report on each existing policy of insurance showing  (1) the name of the insurer, (2) the risks insured, (3) the amount of the policy, (4) the property insured, the then current replacement value of such property, and the manner of determining that value and (5) the expiration date of the policy  Trustor shall, upon request of Lender, have an independent appraiser satisfactory to Lender determine the cash value replacement cost of the Property

**LENDER S EXPENDITURES**  If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Trustor fails to comply with any provision of this Deed of Trust or any Related Documents, including but not limited to Trustor's failure to comply with any obligation to maintain Existing Indebtedness in good standing as required below, or to discharge or pay when due any amounts Trustor is required to discharge or pay under this Deed of Trust or any Related Documents, Lender on Trustor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property  All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Trustor  All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand   (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy, or (2) the remaining term of the Note, or (C) be treated as a balloon payment which will be due and payable at the Note's maturity  The Deed of Trust also will secure payment of these amounts  Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default

**WARRANTY  DEFENSE OF TITLE**  The following provisions relating to ownership of the Property are a part of this Deed of Trust

**Title**  Trustor warrants that  (a) Trustor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in the Existing Indebtedness section below or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and  (b) Trustor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender

**Defense of Title**  Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful claims of all persons  In the event any action or proceeding is commenced that questions Trustor's title or the interest of Trustee or Lender under this Deed of Trust, Trustor shall defend the action at Trustor s expense  Trustor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Trustor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation

**Compliance With Laws**  Trustor warrants that the Property and Trustor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities

**Survival of Representations and Warranties**  All representations, warranties, and agreements made by Trustor in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature, and shall remain in full force and effect until such time as Borrower's Indebtedness shall be paid in full

**EXISTING INDEBTEDNESS**  The following provisions concerning Existing Indebtedness are a part of this Deed of Trust

**Existing Lien**  The lien of this Deed of Trust securing the Indebtedness may be secondary and inferior to an existing lien  Trustor expressly covenants and agrees to pay, or see to the payment of, the Existing Indebtedness and to prevent any default on such indebtedness, any default under the instruments evidencing such indebtedness, or any default under any security documents for such indebtedness

**No Modification**  Trustor shall not enter into any agreement with the holder of any mortgage, deed of trust, or other security agreement which has priority over this Deed of Trust by which that agreement is modified, amended, extended, or renewed without the prior written consent of Lender  Trustor shall neither request nor accept any future advances under any such security agreement without the prior written consent of Lender

**CONDEMNATION**  The following provisions relating to eminent domain and inverse condemnation proceedings are a part of this Deed of Trust

**Proceedings**  If any eminent domain or inverse condemnation proceeding is commenced affecting the Property, Trustor shall promptly notify Lender in writing, and Trustor shall promptly take such steps as may be necessary to pursue or defend the action and obtain the award  Trustor may be the nominal party in any such proceeding, but Lender shall be entitled, at its election, to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Trustor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation

**Application of Net Proceeds**  If any award is made or settlement entered into in any condemnation proceedings affecting all or any part of the Property or by any proceeding or purchase in lieu of condemnation, Lender may at its election, and to the extent permitted by law, require that all or any portion of the award or settlement be applied to the Indebtedness and to the repayment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation proceedings

b

Loan No ●●46

**DEED OF TRUST**
(Continued)

Page 5

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES**   The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust

**Current Taxes, Fees and Charges**   Upon request by Lender, Trustor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property   Trustor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust

**Taxes**   The following shall constitute taxes to which this section applies   (1) a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust, (2) a specific tax on Borrower which Borrower is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust, (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note, and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Borrower

**Subsequent Taxes**   If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Trustor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender

**SECURITY AGREEMENT, FINANCING STATEMENTS**   The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust

**Security Agreement**   This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time

**Security Interest**   Upon request by Lender, Trustor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Rents and Personal Property   Trustor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest   Upon default, Trustor shall not remove, sever or detach the Personal Property from the Property   Upon default, Trustor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Trustor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law

**Addresses**   The mailing addresses of Trustor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust

**FURTHER ASSURANCES, ATTORNEY-IN-FACT**   The following provisions relating to further assurances and attorney-in fact are a part of this Deed of Trust

**Further Assurances**   At any time, and from time to time, upon request of Lender, Trustor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Borrower's and Trustor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust on the Property, whether now owned or hereafter acquired by Trustor   Unless prohibited by law or Lender agrees to the contrary in writing, Trustor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph

**Attorney-in-Fact**   If Trustor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Trustor and at Trustor's expense   For such purposes, Trustor hereby irrevocably appoints Lender as Trustor's attorney-in-fact for the purpose of making executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph

**FULL PERFORMANCE**   If Trustor strictly performs all of Trustor s obligations under the Guaranty and Trustor otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property   Lender may charge Trustor a reasonable reconveyance fee at the time of reconveyance

**EVENTS OF DEFAULT**   Each of the following, at Lender's option, shall constitute an Event of Default under this Deed of Trust

**Payment Default**   Borrower fails to make any payment when due under the Note Indebtedness or Trustor fails to make any payment when due under the Indebtedness

**Other Defaults**   Borrower or Trustor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Deed of Trust or in any of the Related Documents or to comply with or to perform any term obligation, covenant or condition contained in any other agreement between Lender and Borrower or Trustor

**Default Under the Guaranty**   Failure by Trustor to comply with any term, obligation, covenant or condition contained in the Guaranty

**Compliance Default**   Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, the Note or in any of the Related Documents

**Default on Other Payments**   Failure of Trustor within the time required by this Deed of Trust to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien

**Environmental Default**   Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with the Property

Loan No ▮46

**DEED OF TRUST**
(Continued)

Page 6

**Default in Favor of Third Parties**   Should Borrower or any Trustor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement  in favor of any other creditor or person that may materially affect any of Trustor's property or Borrower's or any Trustor's ability to repay the Indebtedness or perform their respective obligations under this Deed of Trust or any of the Related Documents

**False Statements**   Any warranty, representation or statement made or furnished to Lender by Borrower or Trustor or on Borrower's or Trustor's behalf under this Deed of Trust or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter

**Defective Collateralization**   This Deed of Trust or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason

**Death or Insolvency**   The dissolution or termination of Borrower's or Trustor's existence as a going business or the death of any partner, the insolvency of Borrower or Trustor, the appointment of a receiver for any part of Borrower's or Trustor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower or Trustor

**Creditor or Forfeiture Proceedings**   Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or Trustor or by any governmental agency against any property securing the Indebtedness  This includes a garnishment of any of Borrower's or Trustor's accounts, including deposit accounts, with Lender  However  this Event of Default shall not apply if there is a good faith dispute by Borrower or Trustor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower or Trustor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute

**Breach of Other Agreement**   Any breach by Borrower or Trustor under the terms of any other agreement between Borrower or Trustor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Borrower or Trustor to Lender, whether existing now or later

**Events Affecting Guarantor**   Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness

**Adverse Change**   A material adverse change occurs in Borrower's or Trustor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired

**Existing Indebtedness**   The payment of any installment of principal or any interest on the Existing Indebtedness is not made within the time required by the promissory note evidencing such indebtedness, or a default occurs under the instrument securing such indebtedness and is not cured during any applicable grace period in such instrument, or any suit or other action is commenced to foreclose any existing lien on the Property

**Right to Cure**   If any default, other than a default in payment is curable and if Trustor has not been given a notice of a breach of the same provision of this Deed of Trust within the preceding twelve (12) months, it may be cured if Trustor, after receiving written notice from Lender demanding cure of such default  (1)  cures the default within fifteen (15) days, or  (2)  if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical

**RIGHTS AND REMEDIES ON DEFAULT**   If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies

**Election of Remedies**   Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Trustor under this Deed of Trust, after Trustor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies

**Foreclosure by Sale**   Upon an Event of Default under this Deed of Trust, Beneficiary may declare the entire Indebtedness secured by this Deed of Trust immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold the Property, which notice Trustee shall cause to be filed for record  Beneficiary also shall deposit with Trustee this Deed of Trust, the Note, other documents requested by Trustee, and all documents evidencing expenditures secured hereby  After the lapse of such time as may then be required by law following the recordation of the notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Property at the time and place fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale  Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement in accordance with applicable law  Trustee shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof  Any person, including Trustor, Trustee or Beneficiary may purchase at such sale  After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of  all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto

**Judicial Foreclosure**   With respect to all or any part of the Real Property, Lender shall have the right in lieu of foreclosure by power of sale to foreclose by judicial foreclosure in accordance with and to the full extent provided by California law

**UCC Remedies**   With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code, including without limitation the right to recover any deficiency in the manner and to the full extent provided by California law

**DEED OF TRUST**
**(Continued)**

Loan No ████46                                                                                    Page 7

**Collect Rents**   Lender shall have the right, without notice to Borrower or Trustor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness   In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender    If the Rents are collected by Lender, then Trustor irrevocably designates Lender as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds   Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made   whether or not any proper grounds for the demand existed    Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver

**Appoint Receiver**   Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness    The receiver may serve without bond if permitted by law   Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount    Employment by Lender shall not disqualify a person from serving as a receiver

**Tenancy at Sufferance**   If Trustor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Borrower or Trustor, Trustor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender

**Other Remedies**   Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or available at law or in equity

**Notice of Sale**   Lender shall give Trustor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made   Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition   Any sale of the Personal Property may be made in conjunction with any sale of the Real Property

**Sale of the Property**   To the extent permitted by applicable law, Borrower and Trustor hereby waives any and all rights to have the Property marshalled   In exercising its rights and remedies the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales   Lender shall be entitled to bid at any public sale on all or any portion of the Property

**Attorneys Fees, Expenses**   If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal   Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid   Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law   Trustor also will pay any court costs, in addition to all other sums provided by law

**Rights of Trustee**   Trustee shall have all of the rights and duties of Lender as set forth in this section

**POWERS AND OBLIGATIONS OF TRUSTEE**   The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust

**Powers of Trustee**   In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Trustor   (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public, (b) join in granting any easement or creating any restriction on the Real Property and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust

**Obligations to Notify**   Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Trustor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee

**Trustee**   Trustee shall meet all qualifications required for Trustee under applicable law   In addition to the rights and remedies set forth above   with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law

**Successor Trustee**   Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office of the recorder of Los Angeles County, State of California   The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Trustor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest   The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law   This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution

**Acceptance by Trustee**   Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law

Loan No ▓▓46

**DEED OF TRUST**
(Continued)

Page 8

**NOTICES** Any notice required to be given under this Deed of Trust shall be given in writing and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust Trustor requests that copies of any notices of default and sale be directed to Trustor's address shown near the beginning of this Deed of Trust All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address For notice purposes, Trustor agrees to keep Lender informed at all times of Trustor's current address Unless otherwise provided or required by law, if there is more than one Trustor, any notice given by Lender to any Trustor is deemed to be notice given to all Trustors

**STATEMENT OF OBLIGATION FEE** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California

**CHOICE OF VENUE** Borrower and Lender agree that all actions or proceedings arising in connection with this Agreement and the other agreements, instruments and documents executed and/or delivered by Borrower and/or Lender in connection herewith shall be tried and litigated only in the State and Federal courts located in the county of Ventura, Los Angeles or Orange, State of California, as Lender may elect, provided, however, that any suit seeking enforcement against any collateral or other property may be brought, at Lender's option, in the courts of any jurisdiction where Lender elects to bring such action or where such collateral or other property may be found Borrower and Lender waive, to the extent permitted under applicable law, any right each may have to assert the doctrine of forum non conveniens or to object to venue as to extent any proceeding is brought in accordance with this paragraph

**SBA LOAN PROVISION** The Loan secured by this lien was made under a United States Small Business Administration (SBA) nationwide program which uses tax dollars to assist small business owners If the United States is seeking to enforce this document, then under SBA regulation

(a) When SBA is the holder of the Note, this document and all documents evidencing or securing this Loan will be construed in accordance with federal law

(b) Lender or SBA may use local or state procedures for purposes such as filing papers, recording documents, giving notice, foreclosing liens, and other purposes By using these procedures, SBA does not waive any federal immunity from local or state control, penalty, tax or liability No Borrower or Guarantor may claim or assert against SBA any local or state law to deny any obligation of Borrower, or defeat any claim of SBA with respect to this Loan

Any clause in this document requiring arbitration is not enforceable when SBA is the holder of the Note secured by this instrument

**MISCELLANEOUS PROVISIONS** The following miscellaneous provisions are a part of this Deed of Trust

**Amendments** This Deed of Trust, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment

**Annual Reports** If the Property is used for purposes other than Trustor's residence, Trustor shall furnish to Lender, upon request, a certified statement of net operating income received from the Property during Trustor's previous fiscal year in such form and detail as Lender shall require "Net operating income" shall mean all cash receipts from the Property less all cash expenditures made in connection with the operation of the Property

**Caption Headings** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust

**Merger** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender

**Governing Law** This Deed of Trust will be governed by federal law applicable to Lender and to the extent not preempted by federal law the laws of the State of California without regard to its conflicts of law provisions This Deed of Trust has been accepted by Lender in the State of California

**Joint and Several Liability** All obligations of Borrower and Trustor under this Deed of Trust shall be joint and several, and all references to Trustor shall mean each and every Trustor, and all references to Borrower shall mean each and every Borrower This means that each Trustor signing below is responsible for all obligations in this Deed of Trust

**No Waiver by Lender** Lender shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Lender No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right A waiver by Lender of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust No prior waiver by Lender, nor any course of dealing between Lender and Trustor, shall constitute a waiver of any of Lender's rights or of any of Trustor's obligations as to any future transactions Whenever the consent of Lender is required under this Deed of Trust, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender

**Severability** If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any person or circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other person or circumstance If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust

**Successors and Assigns** Subject to any limitations stated in this Deed of Trust on transfer of Trustor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns If ownership of the Property becomes



Loan No  46

**DEED OF TRUST**
**(Continued)**

Page 9

vested in a person other than Trustor, Lender, without notice to Trustor, may deal with Trustor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Trustor from the obligations of this Deed of Trust or liability under the Indebtedness

**Time is of the Essence**  Time is of the essence in the performance of this Deed of Trust

**DEFINITIONS**  The following capitalized words and terms shall have the following meanings when used in this Deed of Trust  Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America  Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require  Words and terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code

**Beneficiary**  The word "Beneficiary" means First California Bank, and its successors and assigns

**Borrower**  The word "Borrower" means Itabo Partnership and includes all co-signers and co-makers signing the Note and all their successors and assigns

**Deed of Trust**  The words "Deed of Trust" mean this Deed of Trust among Trustor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents

**Default**  The word "Default" means the Default set forth in this Deed of Trust in the section titled "Default"

**Environmental Laws**  The words "Environmental Laws" mean any and all state, federal and local statutes  regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U S C  Section 9601, et seq  ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub L  No  99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U S C  Section 1801, et seq , the Resource Conservation and Recovery Act, 42 U S C  Section 6901, et seq , Chapters 6 5 through 7 7 of Division 20 of the California Health and Safety Code, Section 25100, et seq , or other applicable state or federal laws, rules, or regulations adopted pursuant thereto

**Event of Default**  The words "Event of Default  mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust

**Existing Indebtedness**  The words "Existing Indebtedness" mean the indebtedness described in the Existing Liens provision of this Deed of Trust

**Guarantor**  The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness

**Guaranty**  The word "Guaranty" means the guaranty from Trustor to Lender, including without limitation a guaranty of all or part of the Note

**Hazardous Substances**  The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled  The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws  The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos

**Improvements**  The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property

**Indebtedness**  The word "Indebtedness" means all obligations of Trustor under the Guaranty, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the obligations under the Guaranty and any amounts expended or advanced by Lender to discharge Trustor's obligations or expenses incurred by Trustee or Lender to enforce Trustor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust

**Lender**  The word "Lender" means First California Bank  its successors and assigns

**Note**  The word "Note" means any Note, including but not limited to, the U S  Small Business Administration Note, dated April 17 2008, in the original principal amount of $310,000 00 from Borrower to Lender, together with all renewals of, extension of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement and any all future promissory notes thereafter  **NOTICE TO TRUSTOR  THE NOTE CONTAINS A VARIABLE INTEREST RATE**

**Personal Property**  The words "Personal Property" mean all equipment, fixtures  and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property, together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property, and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property

**Property**  The word "Property" means collectively the Real Property and the Personal Property

**Real Property**  The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust

**Related Documents**  The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness, except that the words do not mean any guaranty or environmental agreement, whether now or hereafter existing, executed in connection with the Indebtedness

**Rents**  The word "Rents" means all present and future leases, rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property together with the cash proceeds of the Rents

**Trustee**  The word "Trustee" means First California Bank, whose address is 2200 Sepulveda Boulevard, Torrance, CA  90501 and any substitute or successor trustees

Loan No ██46

## DEED OF TRUST
### (Continued)

Page 10

Trustor   The word "Trustor" means Lazara I Diaz-Juarez and Wilfred Diaz

**EACH TRUSTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST AND EACH TRUSTOR AGREES TO ITS TERMS, INCLUDING THE VARIABLE RATE PROVISIONS OF THE NOTE SECURED BY THIS DEED OF TRUST**

**TRUSTOR**

X _____
Lazara I Diaz-Juarez

X _____
Wilfred Diaz

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _California_ )
)
COUNTY OF _Los Angeles_ ) SS
)

On _April 22_ , 20 _08_ before me, _Wanda S Quinto, A notary public_
(here insert name and title of the officer)

personally appeared Lazara I Diaz-Juarez, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that ~~he/she/they~~ executed the same in ~~his/her/their~~ authorized capacity(ies), and that by ~~his/her/their signature(s)~~ on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal

Signature _____



WANDA S QUINTO
COMM # 1631482
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Commission Expires Dec 18, 2009

(Seal)

Loan No ___46

**DEED OF TRUST**
(Continued)

Page 11

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _California_

COUNTY OF _Los Angeles_ ) SS

On _April 22_ , 20 _08_ before me, _Wanda S. Quinto A notary public_
(here insert name and title of the officer)

personally appeared Wilfred Diaz, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal

Signature _____

WANDA S QUINTO
COMM # 1631482
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Commission Expires Dec 19, 2009

(Seal)

---

(DO NOT RECORD)
## REQUEST FOR FULL RECONVEYANCE
(To be used only when obligations have been paid in full)

To _____ , Trustee

The undersigned is the legal owner and holder of all indebtedness secured by this Deed of Trust  All sums secured by this Deed of Trust have been fully paid and satisfied   You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust  Please mail the reconveyance and Related Documents to

Date _____

Beneficiary _____

By _____

Its _____

LASER PRO Lending, Ver  5 40 00 003   Copr  Harland Financial Solutions, Inc  1997, 2008   All Rights Reserved   - CA
F \CFIWIN\CFI\LPL\G01 FC TR 4171 PR-6

# EXHIBIT "F"

APPROVED
May 20, 2013

TEVEIA R. BARNES
Commissioner of
Financial Institutions

By _____

JAMES M. PATTEN
Senior Counsel

2926405 SURV

STRICTLY CONFIDENTIAL
EXECUTION VERSION

FILED
Secretary of State
State of California

MAY 3 1 2013

3 cc

## AGREEMENT OF MERGER

THIS AGREEMENT OF MERGER, dated as of May 13, 2013 (this "**Merger Agreement**"), is made and entered into by and between Pacific Western Bank, a California state-chartered bank ("**Surviving Corporation**") and First California Bank, a California state-chartered bank ("**Disappearing Corporation**").

### WITNESSETH:

WHEREAS, PacWest Bancorp (the holding company of Surviving Corporation) ("**Parent**") and First California Financial, Inc. (the holding company of Disappearing Corporation) (the "**Company**") are parties to an Agreement and Plan of Merger, dated as of November 6, 2012 (as it may be amended from time to time, the "**HoldCo Merger Agreement**") pursuant to which the Company shall merge with and into Parent, with Parent as the surviving corporation (the "**HoldCo Merger**").

WHEREAS, the HoldCo Merger Agreement contemplates the simultaneous merger of the Disappearing Corporation with and into the Surviving Corporation, with the Surviving Corporation as the surviving corporation in the merger (the "**Merger**").

WHEREAS, the Board of Directors of each of Surviving Corporation and Disappearing Corporation have approved, and deem it advisable and in the best interests of Surviving Corporation or Disappearing Corporation, as applicable, and their respective shareholders, that Surviving Corporation and Disappearing Corporation consummate the Merger.

WHEREAS, each of Parent and the Company, as the sole shareholders respectively of Surviving Corporation and Disappearing Corporation have executed written consents approving and adopting this Merger Agreement.

NOW, THEREFORE, in consideration of the promises and mutual agreements contained in this Merger Agreement, the parties to this Merger Agreement hereby agree that Disappearing Corporation shall be merged with and into Surviving Corporation in accordance with the provisions of the laws of the State of California and upon the terms and subject to the conditions set forth in this Merger Agreement:

Section 1.  The Merger.

1.1     **Effective Time.**  As provided in Financial Code section 4887, after all conditions set forth in Section 4 hereof have been satisfied and the Commissioner has endorsed his approval on the Merger Agreement, the Merger Agreement shall be filed with the Secretary of State of the State of California.  After the Merger Agreement has been filed with the Secretary of State of the State of California, a copy of the Merger Agreement certified by the Secretary of State shall be filed with the Commissioner, and at that time the Merger shall be effective for all purposes (the "**Effective Time**"), with it being understood that the parties intend for the Effective Time to be simultaneous with the effective time of the HoldCo Merger and shall take such actions as are necessary or desirable to carry out, implement and evidence such understanding.

W2031329

**1.2    Effect of the Merger.**  At the Effective Time, Disappearing Corporation shall be merged with and into Surviving Corporation and the separate corporate existence of Disappearing Corporation shall cease. Surviving Corporation shall be the surviving corporation in the Merger. It shall thereupon succeed, without other transfer, to all rights and properties of, and shall be subject to all the debts and liabilities of, Disappearing Corporation and the separate existence of Surviving Corporation as a California state-chartered financial institution, with all its purposes, objects, rights, powers, privileges and franchises, shall continue unaffected and unimpaired by the Merger.

**1.3    Further Action.**  The Disappearing Corporation shall execute and deliver any documents and instruments and take all action, as requested by the Surviving Corporation, necessary or desirable to evidence or carry out the Merger.

**Section 2.  Corporate Governance Matters.**

**2.1    Articles.**  The Articles of Surviving Corporation as in effect immediately prior to the Effective Time shall be and continue to be the Articles of the Surviving Corporation.

**Section 3.  Conversion of Shares.**

**3.1    Shares of Common Stock of Disappearing Corporation.**  At the Effective Time, by virtue of the Merger, and without any action on the part of shareholders of the common stock of Disappearing Corporation (**"Disappearing Corporation Common Stock"**), each share of Disappearing Corporation Common Stock issued and outstanding immediately prior to the Effective Time shall be cancelled without consideration.

**3.2    Shares of Surviving Corporation.**  The shares of Surviving Corporation common stock issued and outstanding immediately prior to the Effective Time shall remain outstanding, shall be unchanged after the Merger and shall immediately after the Effective Time constitute all of the issued and outstanding capital stock of the Surviving Corporation.

**Section 4.  Conditions.**

**4.1    Conditions to the Merger.**  The respective obligations of the parties to effect the Merger shall be subject to the satisfaction at or prior to the Effective Time of the following conditions:

(a) All of the conditions to the obligations of the parties to the HoldCo Merger Agreement to consummate the HoldCo Merger shall have been satisfied or waived in accordance with the terms thereof and the parties to the HoldCo Merger shall otherwise be standing ready, willing and able to consummate the HoldCo Merger simultaneously with the Merger.

(b) The parties shall have received all consents, approvals and permissions and the satisfaction of all of the requirements prescribed by law, including, but not limited to, the consents, approvals and permissions of all regulatory authorities which are necessary to carry out the Merger.

2

-47-

(c) There shall not be in effect any temporary restraining order, preliminary or permanent injunction or other order issued by any court of competent jurisdiction or other legal restraint or prohibition preventing the consummation of the Merger.

**Section 5.  Termination and Amendment.**

5.1    **Termination.**  Notwithstanding the approval of this Merger Agreement by the shareholders of Disappearing Corporation or Surviving Corporation, this Merger Agreement shall terminate forthwith prior to the Effective Time in the event the HoldCo Merger Agreement is terminated as therein provided. This Merger Agreement may also be terminated by mutual written consent of the parties hereto.

5.2    **Amendment.**  This Merger Agreement may be amended by Surviving Corporation and Disappearing Corporation at any time prior to the Effective Time without the approval of the shareholders of Disappearing Corporation or Surviving Corporation with respect to any of its terms, except any change in its principal terms or as may otherwise be required by law. This Merger Agreement may not be amended, except by an instrument in writing signed on behalf of each of the parties hereto.

5.3    **Governing Law.**  This Merger Agreement shall be governed by and construed in accordance with the laws of the State of California without regard to any applicable conflicts of law, except to the extent federal law may be applicable.

5.4    **Successors and Assigns.**  This Merger Agreement is binding upon and is for the benefit of the parties hereto and their respective successors and permitted assigns; provided, however, that neither this Agreement nor any rights or obligations hereunder may be assigned by any party hereto to any other person without the prior consent in writing of the other party hereto.

5.5    **Counterparts.**  This Merger Agreement may be signed in any number of counterparts, each of which shall be deemed an original, and all of which shall be deemed but one and the same instrument.

*[Continued and to be signed on following page]*

-48-

IN WITNESS WHEREOF, the parties have duly executed this Merger Agreement as of the date first written above.

PACIFIC WESTERN BANK

By: _____
Name:  Victor R. Santoro
Title:    Executive Vice President


By: _____
Name:  Lynn M. Hopkins
Title:    Secretary and Chief Financial Officer

[Signature Page to Bank Merger Agreement (Pacific Western Bank)]

IN WITNESS WHEREOF, the parties have duly executed this Merger Agreement as of the date first written above.

PACIFIC WESTERN BANK

By: _____
Name:  Victor R. Santoro
Title:   Executive Vice President


By: _____
Name:  Lynn M. Hopkins
Title:   Secretary and Chief Financial Officer

[Signature Page to Bank Merger Agreement (Pacific Western Bank)]

IN WITNESS WHEREOF, the parties have duly executed this Merger Agreement as of the date first written above.

FIRST CALIFORNIA BANK

By: _____
Name:  C. G. Kum
Title:  President

By: _____
Name:  Romolo Santarosa
Title:  Assistant Secretary

[Signature Page to Agreement of Merger]

-51-

CERTIFICATE OF APPROVAL
OF
AGREEMENT OF MERGER

(PACIFIC WESTERN BANK)

Pursuant to Section 1103 of the California Corporations Code, the undersigned, Victor R. Santoro and Lynn M. Hopkins, certify that:

1.  They are the (a) Executive Vice President and (b) Secretary and Chief Financial Officer, respectively, of Pacific Western Bank, a banking corporation organized under the laws of the State of California.

2.  The Corporation has only one class of shares outstanding and the total number of outstanding shares is 100.

3.  The principal terms of the Agreement of Merger in the form attached hereto were duly approved by the Board of Directors of the Corporation.

4.  The principal terms of the Agreement of Merger in the form attached hereto were approved by the sole shareholder of the Corporation.

5.  The Corporation has no shares of preferred stock outstanding.

*[Continued and to be signed on following page]*

-52-

The undersigned further declare under penalty of perjury under the laws of the State of California that the matters set forth in this Certificate are true and correct of our own knowledge.

Dated: _May 13_, 2013

Name:  Victor R. Santoro
Title:  Executive Vice President


Name:  Lynn M. Hopkins
Title:  Secretary and Chief Financial Officer

[Signature Page to Certificate of Approval (Pacific Western Bank)]

-53-

The undersigned further declare under penalty of perjury under the laws of the State of California that the matters set forth in this Certificate are true and correct of our own knowledge.

Dated: _May 13_ , 2013

Name:    Victor R. Santoro
Title:    Executive Vice President

Name:    Lynn M. Hopkins
Title:    Secretary and Chief Financial Officer

[Signature Page to Certificate of Approval (Pacific Western Bank)]

-54-

CERTIFICATE OF APPROVAL
OF
AGREEMENT OF MERGER

(FIRST CALIFORNIA BANK)

Pursuant to Section 1103 of the California Corporations Code, the undersigned, C. G. Kum and Romolo Santarosa, certify that:

1. They are the President and Assistant Secretary, respectively, of First California Bank, a banking corporation organized under the laws of the State of California.

2. The Corporation has only one class of shares outstanding and the total number of outstanding shares is 1,562,808.

3. The principal terms of the Agreement of Merger in the form attached hereto were duly approved by the Board of Directors of the Corporation.

4. The principal terms of the Agreement of Merger in the form attached hereto were approved by the sole shareholder of the Corporation.

5. The Corporation has no shares of preferred stock outstanding.

*[Continued and to be signed on following page]*

- 55 -

The undersigned further declares under penalty of perjury under the laws of the State of California that the matters set forth in this Certificate are true and correct of our own knowledge.

Dated: _May 13_, 2013

Name:  C. G. Kum
Title:    President


Name:  Romolo Santarosa
Title:    Assistant Secretary

[Signature Page to Certificate of Approval]

RECEIVED
2013 MAY 31 PM 1:02
FIN...



I hereby certify that the foregoing
transcript of _____ page(s)
is a full, true and correct copy of the
original record in the custody of the
California Secretary of State's office.

MAY 31 2013

Date: _____

DEBRA BOWEN, Secretary of State

# EXHIBIT "G"

B6A (Official Form 6A) (12/07)

In re   **Wilfred Jesus Diaz,**
        **Samantha Lynn Silva Diaz**

Case No.   **2:15-bk-10687-RK**

                                                    Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single Family Residence**<br>**Location: 4443 Levelside Avenue, Lakewood CA 90712**<br>**Value is based on a formal valuation from October 3, 2014.** | **Fee simple** | **C** | **426,100.00** | **330,697.77** |
| **Rental Property/ Single Family Residence**<br>**Location: 3364 Live Oak Street, Huntington Park CA 90255**<br>**Value is an estimate which may be refined through more formal valuation.** | **Fee simple** | **C** | **350,000.00** | **362,719.43** |

|  |  |  |
|---|---|---|
| Sub-Total > | 776,100.00 | (Total of this page) |
| Total > | 776,100.00 | |

_0_   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07) - Cont.

In re    **Wilfred Jesus Diaz,**
　　　　**Samantha Lynn Silva Diaz**　　　　　　　　　　　　　　　　　Case No.  __2:15-bk-10687-RK__
　　　　　　　　　　　　　　　　　　　　　　Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxx6441 | | | Opened 10/01/06 Last Active 10/20/14 First Mortgage Rental Property/ Single Family Residence | | | | | |
| Specialized Loan Services Attn: Bankruptcy 8742 Lucent Blvd. Suite 300 Highlands Ranch, CO 80129 | | C | Location: 3364 Live Oak Street, Huntington Park CA 90255 Value is an estimate which may be refined through more formal valuation. | | | | | |
| | | | Value $            350,000.00 | | | | 260,142.00 | 0.00 |
| Account No. xxxxxxxxxxxx1998 | | | Opened 3/12/07 Last Active 9/09/14 Home Equity Line of Credit Rental Property/ Single Family Residence | | | | | |
| Wells Fargo Bank, N.A. Mac X2505-036 Po Box 10438 Des Moines, IA 50306 | | H | Location: 3364 Live Oak Street, Huntington Park CA 90255 Value is an estimate which may be refined through more formal valuation. | | | | | |
| | | | Value $            350,000.00 | | | | 100,577.68 | 10,719.68 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal (Total of this page) | 360,719.68 | 10,719.68 |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | 693,417.20 | 12,719.43 |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re  **Wilfred Jesus Diaz,**
       **Samantha Lynn Silva Diaz**
                                                                    Case No.  __2:15-bk-10687-RK__
                                                      Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. xxxxxx0868 | | | | | Opened 10/01/12  Last Active  9/16/14 First Mortgage Single Family Residence Location: 4443 Levelside Avenue, Lakewood CA 90723 Value is based on a formal valuation from October 3, 2014. | | | | | |
| **Guild Mortgage Company** Po Box 85304 San Diego, CA 92186 | | | | C | | | | | | |
| | | | | | Value $                    426,100.00 | | | | 328,307.40 | 0.00 |
| Account No. xxxx-xx1-013 | | | | | Property Taxes Installments due: 4/10/2015 Rental Property/ Single Family Residence Location: 3364 Live Oak Street, Huntington Park CA 90255 Value is an estimate which may be refined through more formal valuation. | | | | | |
| **Los Angeles County Tax Collector** P.O. Box 54018 Los Angeles, CA 90054 | | | | - | | | | | | |
| | | | | | Value $                    350,000.00 | | | | 1,999.75 | 1,999.75 |
| Account No. xxxx-xx1-034 | | | | | Property Taxes Installments due: 04/10/2015 Single Family Residence Location: 4443 Levelside Avenue, Lakewood CA 90723 Value is based on a formal valuation from October 3, 2014. | | | | | |
| **Los Angeles County Tax Collector** P.O. Box 54018 Los Angeles, CA 90054 | | | | C | | | | | | |
| | | | | | Value $                    426,100.00 | | | | 2,390.37 | 0.00 |
| Account No. | | | | | Inventory used for closed business [see attached list] | | | | | |
| **SBA Loan Funds** 409 3rd St, SW Washington, DC 20416 | | | H | | | | | X | | |
| | | | | | Value $                     18,091.00 | | | | Unknown | Unknown |
| 1  continuation sheets attached | | | | | Subtotal (Total of this page) | | | | 332,697.52 | 1,999.75 |